Sutro and another vs. Bigelow and another.

(1) PLEADING. *Averment as to execution of instrument sued upon.*

(2–3) UNDERTAKING *to procure discharge of garnishees* (2 Tay. Stats., 1485, § 68) *construed ; effect of discontinuance of principal suit as to some of the defendants therein.*

1. In an action upon an undertaking entered into in a garnishee suit to procure the discharge of the garnishees from liability (Laws of 1869, ch. 53, sec. 2), an averment in the complaint that one of the defendants in the principal action " caused an undertaking to be entered into, of which the following is a copy " — followed by the undertaking set forth in *hæc verba,* subscribed by the present defendants — *held* to be a sufficient averment that defendants *executed* said undertaking.

2. The original action, to which said garnishee suit was ancillary, was against A and B, but the process of garnishment was against parties indebted only to B, and he procured the undertaking here in suit to be executed. By the terms of such undertaking, the present defendants " undertake to pay unto said plaintiffs the amount of the judgment, if any, which said plaintiffs may recover in the action against said defendants," not exceeding a sum named. Afterwards said action was *discontinued* against A, and judgment taken against B alone. *Held,* that notwithstanding such discontinuance, defendants herein are liable on their undertaking for the amount of such judgment, not exceeding the amount limited in the undertaking.

3. It is the obvious intent of the statute that the persons executing such an undertaking shall be bound to the same extent as the garnishees discharged from liability by virtue of it (or the property, etc., of the principal debtor in the hands of such garnishees) would have been bound; and the undertaking must be liberally construed with reference to such intent.

APPEAL from the Circuit Court for *Milwaukee* County.

Action upon an undertaking entered into in a garnishee proceeding to procure the discharge of the garnishees from liability, under sec. 2, ch. 53, Laws of 1869. The plaintiffs appealed from an order sustaining a demurrer to the complaint as not stating a cause of action. The facts set up in the complaint will sufficiently appear from the opinion.

*Mann & Cotzhausen*, for appellants, as to the proper construction of the undertaking sued upon, cited *Van Dyke v. Weil*, 18 Wis., 277.

*Jenkins & Elliott*, for respondents:

1. The complaint contains no allegation that defendants executed the instrument. This is not a case within sec. 24, ch. 125, R. S. The "instrument for the payment of money only" there mentioned, is one which is *upon its face* evidence of the debt claimed to be due; evidence not merely of plaintiff's right to receive, but of defendant's liability to pay. *Alder v. Bloomingdale*, 1 Duer, 601; *Conkling v. Gandall*, 1 Keyes, 231. If within that section, the complaint would not be good. *Bank of Geneva v. Gulick*, 8 How. Pr. R., 51. 2. The undertaking declared on is an obligation to pay the amount of any judgment which plaintiffs in the action there mentioned might recover against *the defendants, Trumble and Tierney*, and not the amount of any judgment which they might recover against Trumble alone. The allegations that the garnishees were debtors of Trumble, and that he procured the execution of the undertaking, cannot avail to enlarge the obligation. The liability of the parties to the instrument can only be predicated upon the instrument itself. *Gregory v. Hart*, 7 Wis., 532. A surety is not to be bound beyond the scope of his engagement. An undertaking to pay the debt of another is to be strictly construed. *Walsh v. Bailie*, 10 Johns.; 180; *Douglass v. Reynolds*, 7 Peters, 113; *Miller v. Stewart*, 9 Wheat., 680; *Wright v. Johnson*, 8 Wend., 517; *Drummond v. Husson*, 14 N. Y., 60; *Bower v. Tiermann*, 3 Denio, 378; *Bangs*

*v. Strong,* 7 Hill, 250; *Wagman v. Hoag,* 14 Barb., 232; *Henderson v. Marvin,* 31 Barb., 297; *Bagley v. Clarke,* 7 Bosw., 94; *Draper v. Trescott,* 29 Barb., 401; *Dewey v. Reed,* 40 Barb., 16; *Smith v. Townsend,* 25 N. Y., 479; *Poppenhusen v. Seeley,* 41 Barb., 450; *McIntyre v. Borst,* 26 How. Pr. R., 411; *Place v. McIlvain,* 38 N. Y., 96; *Thomas v. Wilson,* 6 Blackf., 203; *Jadah v. Zimmerman,* 22 Ind., 388; *Concord Bank v. Rogers,* 16 N. H., 17.

DIXON, C. J.   Action by the plaintiffs against the defendants upon an undertaking entered into by the latter in pursuance of the statute (Laws of 1869, ch. 53, sec. 2; 2 Tay. Stats., 1485, § 68), to procure the discharge of certain garnishees in an action in which the present plaintiffs were plaintiffs and one R. J. Trumble and one John W. Tierney were defendants.   The complaint alleges that two insurance companies had been garnisheed as being the debtors of or having money in their hands belonging to the defendant Trumble in that action, and that thereupon " said Trumble, for the purpose of procuring the discharge of said insurance companies from liability as garnishees, under and by virtue of the provisions of law in such case made and provided, caused an undertaking to be entered into, of which the following is a copy ; " and then follows a copy of the undertaking, set out in *hæc verba,* and which purports to have been subscribed and sealed by the present defendants in their own proper names. The complaint avers that the undertaking was filed with the clerk of the court in the principal action, as prescribed by the statute, and that thereupon the garnishees were discharged from all further liability as such, and paid over the moneys garnisheed to the defendant Trumble in that action.

It is objected that the complaint contains no allegation that the defendants in this action *executed* the undertaking sued upon ; and that the same is defective and insufficient in that particular. We are of opinion that the averment that the defendant Trumble in the principal action caused the undertaking to *be entered*

*into*, followed as it is by a copy of the instrument purporting to have been subscribed by the defendants in this action, is equivalent to an allegation that these defendants executed the instrument. It would be a very rigid rule indeed for the construction of pleadings, which would hold otherwise. To say under such circumstances that the party for whose benefit the instru- ment was made caused it to be entered *into*, is in all respects equivalent to saying that he caused it to be executed, or that it was executed, as the language of it and subscription of the names of the parties at the proper place import and signify it to have been.

The undertaking, having been executed in an action in which there were two parties defendant, was conditioned and provided that the persons entering into it, the defendants in this action, " do undertake to pay unto the said plaintiffs the amount of said judgment, if any, which the said plaintiffs may recover in the action against the said defendants, not exceeding five hundred and forty-seven, fifty one-hundredths dollars." It appears from the complaint that after the undertaking was made and filed, proceedings in the original action were discontinued as against the defendant Tierney therein ; and that judgment was subsequently recovered by the plaintiffs only against the defendant Trumble in that action ; for the satisfaction or to com- pel the payment of which judgment this action is brought. It is objected that the condition of the undertaking is unfulfilled, or that these defendants are in no default and no liability has arisen against them, because no judgment has been obtained by the plaintiffs against both defendants in the original action. It is argued that the discontinuance of proceedings in that action against the defendant Tierney operated as a waiver of all right to enforce the undertaking against these defendants, who, it is said, are mere sureties, and as such, holden and bound for both of the defendants in the principal action, or otherwise not bound at all. Such may be the strict and literal meaning and con- struction of the words of the undertaking ; but to hold to that,

under the circumstances of this case, would, we think, be doing obvious violence to the spirit and intent of the statute, as well as to what must have been the clear understanding and intention of these defendants at the time they entered into the obligation. It was the privilege of Trumble, given him by the statute, to procure, if he could, the release of his moneys withheld by attachment in the hands of his debtors; and to that end it must be presumed that he applied to these defendants to enter into the undertaking, and that they, being willing, did so for his accommodation and benefit, and as his sureties. No other construction can reasonably be put upon the transaction; and it would be a departure from the facts as stated in the complaint, as well as from the obvious intent and purpose of the statute, to give the transaction any other. Upon this point we quite agree with counsel for the plaintiffs, that the undertaking made and filed is intended by the statute as a substitute for the liability of the garnishees, or for the money or effects of the principal defendant which has been seized and appropriated by process of law in their hands. The persons entering into the undertaking consent to stand in the place of the garnishees, and to become themselves liable to the same extent and under the same circumstances as the garnishees would have been, had no undertaking been given. Such appears to be the object and purpose of the statute, enacted for the benefit of the defendant in the original action; and when he avails himself of it, or when any one of several such defendants does so, in order to procure the release of his own property from attachment and to obtain the possession of it for himself, it seems not inaccurate to say that the persons signing the undertaking are his sureties with respect to the property or effects so released, and that they are content to assume, and do assume, the precise liability with respect to him as defendant in the action, which would have rested upon the property or the holder of it in case they, as such sureties, had not intervened with the undertaking. Such seems to be their true relation to the action, or

to the plaintiffs in it, with respect to him and his property seized, and which has been given over to him on the faith of their undertaking and responsibility. They make his liability to the plaintiffs in the action their liability to the extent named in the undertaking; and, identifying themselves in interest with him, agree to abide the results of the litigation so far as he is concerned. Such may fairly be considered the intent and operation of the statute, and of an undertaking entered into in pursuance of it, in such a case as this. If no undertaking had been given, the moneys in the hands of the insurance companies would have been held subject to payment to the plaintiffs in satisfaction of the judgment obtained by them in the original action, notwithstanding the discontinuance of that action as to Tierney, one of the defendants in it. If the plaintiffs had become nonsuit as to Tierney, the result would have been the same; and yet, if the position of counsel for these defendants be correct, there would have been no liability upon the undertaking. It seems impossible that it should have been the legislative design thus to enable the defendants, or one of them, to put in jeopardy or defeat the ultimate rights and remedy of the plaintiffs. The defendants in this action must respond in the same way the insurance companies would have been obliged to do. The defendants must pay the amount of the judgment recovered by the plaintiffs in that action, according to the terms of their undertaking.

The case of *Vandyke v. Weil*, 18 Wis., 277, cited by counsel for the plaintiffs, though not strictly analogous, yet strongly favors the views here taken. It establishes the principle of just and liberal interpretation, both of the statute and of the undertaking made under it, in order that full effect may be given to agreements of this nature according to the legislative intent.

*By the Court.* — Order reversed, and cause remanded for further proceedings according to law.