Spear, J.
The question is, did the amended answer state a defense to the plaintiff’s action ?
Plaintiff in error seeks a reversal of the judgment of the circuit court sustaining the demurrer, on the ground that the judgment rendered against DeWolf and in favor of Platt, was not rendered in the action in which the undertaking sued upon.was given. In other words, that the amended petition was so different from the original as to make a new action, and that, therefore, the liability of the surety was changed without his consent, whereby, upon well settled principles, he was discharged.
To sustain this contention the plaintiff in error must be prepared to show (1), that he can be permitted to inquire into the judgment rendered in favor of Platt and against DeWolf, and (2) that upon such inquiry it will appear that the action in which the judgment was rendered was not the action in which the undertaking was given. Failure to establish either of these propositions is fatal to the claim.
Was the judgment of the court of common pleas in favor of Platt, conclusive in an action on the undertaking to release the attachment?
We think an examination of section 5545, the statute under which the undertaking is permitted, will suggest an answer to the question. That section provides not only for the giving of the undertaking and specifies its character, but defines the effect of it when given. The condition must be “ to the effect that the defendant shall perform the judgment of the court.” On the giving of the undertaking “ the attachment shall be discharged, and restitution made of any property taken under it, or the proceeds thereof.” The undertaking “ shall also discharge the liability of a garnishee in the action, for any property of the defendant in his hands.”
By so giving an undertaking the defendant in attachment is enabled to supersede the proceedings under the writ of attachment, and substitute for the security afforded the plaintiff by a seizure of property, either directly, or in the hands of a garnishee, the personal stipulation and liability of the sureties in the undertaking that “ the defendant shall perform *270 the judgment of the court.” Of course this implies the judgment in the action. In the undertaking here the words “in this action ” were added, but they neither enlarged nor limited the import of the statute.
The undertaking is purely in the interest of defendant. It is given to enable him to regain and retain full use of his property attached, or to be attached, and the undertaking takes the place, for all the purposes of the case, of that property, as well as of the attachment itself. Having thus placed himself in the attitude of a substitute for the attachment and for the property, it would seem to follow that the surety is affected by whatever would have affected the property, and liable to respond upon his undertaking, under the same circumstances, and, within the limit of his undertaking, to the same extent, that the property could have been subjected, or the liability-of the garnishee enforced. If the subsequent action of the court is such as to have the effect of releasing the property attached and discharging the attachment, or of discharging the garnishee from liability, had no undertaking been given, then the surety could, with reason, claim release, but if, whatever may be done, by way of amendment of pleadings, or otherwise, would not have that effect, then it is difficult to see what reasonable claim to release can be urged. The undertaking is to be construed in connection with the existing law, pursuant to which it is made, and with regard to the object sought to be accomplished by the statute authorizing it. This object, as we have seen, is to enable the defendant to substitute for the attachment a security which should be available to the plaintiff upon the recovery of a judgment. Surely the legislature did not intend that the security afforded the plaintiff by his attachment, might be impaired by enabling the defendant to substitute security of less value, or of less efficacy.
In the case under consideration the attachment entitled the plaintiff to charge in the hands of the garnishee named in the affidavit, the moneys and credits belonging to DeWolf, and subject them to the payment of his debt. If no undertaking had been given, the plaintiff could and would, have availed *271 himself of that mode of satisfaction. By giving the undertaking, the sureties enabled the defendant to obtain a valuable benefit in the possession and control of the moneys and credits sought to be reached by the process of garnishment. And, in legal effect, they made the liability of the garnishees their liability, and thus consented to stand in the place of the garnishees, and to become themselves liable, not exceeding the amount named in the undertaking, to the same- extent, and under the same circumstances, as the garnishees would have been, had no undertaking been given. It cannot, with reason, be claimed that the filing of the amended petition could have the effect of discharging the attachment, or releasing the garnishees. The case made in the new pleading, though different in its form of statement from that in the original, was not, necessarily, a case based upon different facts. Whether it was or not, was a matter proper to be inquired into when the application to file the amended petition was being considered, and it will be presumed that the court, in passing upon the application, ascertained and found, that the claim declared upon in such amended petition, though stated in different form, was based upon the same facts and transactions as the claim stated in the original petition. Nor did the form of either exclude the right to an attachment. Each was an action for money. Lord Mansfield denominated the action for money had and received “ a kind of equitable action.” The early authorities held that “ where money is due ex cequo bono, it may be recovered in an action for money had and received.” None doubted that it is for the recovery of money. And, since the decision in Goble v. Howard, 12 Ohio St. 165, no doubt has existed that, in this state, one partner, in an action against his copartner, after dissolution of the firm, to recover what is claimed to be due, may have an order of attachment as in other civil actions for money. The only person who could have interposed a legal objection to the ruling of the court in allowing the amended pleading to be filed was the defendant in the case, and he only by a proceeding in error to reverse. No such proceeding was instituted, and the final judgment stands as conclusive against *272 him. It is, we think, in the absence of allegations of fraud, collusion, or manifest mistake, equally conclusive against the sureties in the undertaking. They are liable for the amount of the judgment irrespective of its legal merits, because such is the nature of their contract. They cannot, any more than could a surety for a plaintiff in attachment, or in replevin, go behind the judgment and allege that, for errors committed, it is contrary to law. Any other construction of the statute would defeat its obvious purpose. Nor can it be said that such result could not have been in contemplation of the parties, for, whatever they may allege otherwise, in signing the undertaking, these sureties must be presumed to have done-so with knowledge of the statute, and of the power of the court to allow amendments to the pleadings. If they acted on a mistaken idea of the meaning of the statute, or of practice in the courts, and were thereby misled to their injury, it is their misfortune.
But if we should apply to this undertaking the strictest rules of construction, it is difficult to see how the contention of plaintiff in error could be maintained. The language is : “perform the judgment of the court in this action.” Admittedly, these words mean the action then pending. An action includes the formal proceedings attendant upon the demand of a right made by one party of another, which is properly said to terminate at judgment. The view of counsel seems to confuse “ cause of action ” with “ action,” and to seek to substitute for the proceeding itself, the right upon which it is based. Beyond all question, the judgment was rendered in the action in which the undertaking was given, unless the filing of the amended petition itself made a new action. No other action was commenced, and none other prosecuted. And a fair interpretation, as well in accordance with the language as with the sense of the obligation, would hold the term “this action” to mean the suit then pending between the parties.
We have not overlooked the many cases in this state and elsewhere, cited by the learned counsel for plaintiff in error in his brief. But we cannot agree that they require a rever *273 sal of the judgment. The question turns upon a construction of our statute, and that is not controlled by the decisions of courts of other states. Many of the Ohio cases cited are actions on official bonds. In State v. Colerick, 3 Ohio, 487, where, in a suit upon a sheriff’s bond against the sureties, the record of a judgment against the principal alone had been admitted, this court say: “ Where the sureties have notice of the suit, and may, or do make defense, the judgment against the principal is conclusive against them. Where such notice is not given, the judgment against the principal is prima fade only. It may be impeached for collusion, or for mistake. But, until so impeached, it is sufficient to entitle the plaintiff to recover the amount for which it is rendered.” A somewhat careful examination of Ohio cases fails to discover one where the court has held to the contrary of this. It is true that in the opinion in State v. Jennings, 14 Ohio St. 73, the judge states his opinion, based upon authority to be, that where sureties have no notice of the action against the principal they may “ not merely attack the judgment for fraud or collusion, but open up the inquiry into the merits,” though he intimates that the decisions which establish the rule “ may be subject to just criticism, and questionable as to the principle on which they rest.” The action was one against a constable and his sureties on his bond, and, at the trial, the record of the judgment previously rendered against the constable alone was rejected. The facts hardly called for a holding to the extent indicated in the opinion, and in the syllabus the case’of State v. Colerick, supra, is cited and followed. But whatever the law may now be in such cases, a distinction, we think, is to be taken between them and the case we are considering. In general, the obligation in official bonds is that the surety will be responsible in case the officer fails to faithfully discharge the duties of the office. The question in issue, in an action on the bond against the sureties, is, has there been dereliction of official duty within the meaning of the bond, and has the party complaining been damnified ? In this class of cases the question is different. It is: Did the plaintiff recover judgment, and for what amount, and did the defendant satisfy *274 it? Proof that a judgment was rendered for the plaintiff in attachment which the defendant has not satisfied, shows a breach of the bond. And of such judgment,'it would seem, that the record itself is not only the best, but the only evidence, and, until impeached for fraud, collusion, or manifest mistake, ought to be held conclusive.
Tlie precise question here presented has not been before this court heretofore. But some of the cases referred to by counsel for defendant in error in his brief, we think, bear upon the case before us. Bently et al. v. Dorcas et al. 11 Ohio St. 898, was an action against sureties upon a bond given for appeal from the judgment of the court of common pleas to the district court. The answer alleged, among other defenses pleaded, that the decree in the district court on appeal was rendered upon a different and distinct liability from that sustained by the common pleas, and upon a ground not made in the pleadings, and such a decree, it was urged in this court, could not have been in contemplation of the parties, and should not be regarded as within the terms of their contract. But the court, speaking by the opinion, held that they were not at liberty, in that proceeding, to say that the district court erred, but were bound .to assume that the decree of that court was properly made; that if the decree was prejudicial to any of the parties, their remedy was by a direct proceeding to reverse or modify, and as no such step had been taken, the court must regard the decree as valid and correct, and must decide only on its legal effect on the liability of the parties who had executed the bond.
In Braiden v. Mercer, 44 Ohio St. 339, the question presented was whether or not, in an action upon a guardian’s bond for recovery of amount found due the wards upon a final settlement of the guardian’s account in the probate court, the sureties were concluded by the judgment. The court held that they were, and that, in the absence of fraud and collusion, they could not be heard to question its correctness, or to demand a rehearing of the accounts. In the opinion, the learned Chief Justice uses language which seenis to have application here: “ By their bond the sureties contract with refer *275 ence to the action of a court and that their principal will obey its order and conform to such action. Can they say they are strangers to such proceeding ? Upon their principal’s failure to obey the order of the court there is clearly a breach of the bond. The relation they assume to such court and its action so far makes them privy to the proceedings affecting their principal as to deny to them the right, when called to answer for the breach of the bond, to call in question the grounds upon which the court based its action, and to have the same case re-tried.....Indeed it may well be considered an established principle, that whenever a surety has contracted with reference to the conduct of the parties in some suit or proceeding in court, he is, in the absence of fraud and collusion, concluded by the judgment.” And, in support, cites a long list of cases.
The Supreme Court of Wisconsin, in Sutro v. Bigelow, 31 Wis. 527, in a well considered opinion, construes the statute of that state, which is similar, in substance, to section 5545, giving to it the same construction hereinbefore placed upon that section. See, also, Hanna & Finley v. Int. Pet. Co., 23 Ohio St. 622; Methodist Church v. Booker, 18 N. Y. 463; U. S. v. Mosely, 7 Sawyer (U. S. C. C.), 265; and Inbusch v. Farwell, 1 Black. 566. Also, Lathrop v. Southworth, 5 Mich. 448; Towle v. Towle, 46 N. H. 434; Heard v. Lodge, 20 Pick. 58, and Shepard v. Pebbles, 38 Wis. 373.
In this case the allowance by the trial court of an amendment to the petition, if wrong, was but an error, and was valid until reversed. No claim of fraud, collusion, or mistake in the proceedings is made by plaintiff in error, and, we think he was bound by the judgment rendered against DeWolf, and cannot be heard here to call it in question. We agree with the circuit court that the answer did not state a defense; and, finding no error in the judgment of that court, the same is

Affirmed.