[No. 5294.]
[No. 2931 C. A.]

## DAY v. McPHEE ET AL.

1. **Appellate Practice—Appeal Bonds—Liability of Sureties— When Liability Attaches—Defenses.**

Upon affirmance of a judgment on appeal, the sureties' liability upon the appeal bond becomes absolute, and the obligee need not exhaust his remedy against the principal before proceeding against the sureties, but may elect which of the sureties he will proceed against, or what security holden for the judgment he will resort to for its satisfaction; and the only defense, as a general rule, which such a surety can interpose after affirmance of the judgment, is one which discharges him from his obligation in whole or in part.—P. 474.

2. **Same—Election of Remedies.**

Plaintiffs sued their debtor and caused an attachment to issue under which funds sufficient to pay the claim were attached. The attachment was discharged by the debtor filing a bond, with R. as surety, conditioned to pay any judgment obtained, and the property released was turned over to R. to indemnify him against loss. Judgment was obtained against the debtor, and defendant became surety on his appeal bond. Held, that, on affirmance, the judgment creditors could elect which bond they would first proceed upon, and it was immaterial which of the sureties was the primary surety, or whether R.'s bond was a substitute for the garnished assets, or whether R. held the assets as security to indemnify him; and that the fact that the appeal was taken, and the appeal bond executed, in the interest and with the consent of R., while it may raise a liability on the part of R. to defendant, does not affect the creditor's right to proceed upon either bond.—P. 475.

**3. Same.**

In an action against a surety on an appeal bond, an allegation that plaintiffs had collusively arranged with the surety on a preceding bond for the discharge of an attachment, conditioned to pay any judgment obtained, to release him from such obligation, is no defense, since it does not allege that the other surety has been absolutely released, but merely alleges that which would result by operation of law if defendant paid the judgment. —P. 476.

**4. Principal and Surety—Rights of Surety as to Co-sureties.**

If one surety is primarily liable, the right of the surety secondarily liable, who has discharged the liability, to compel the former to repay him, attaches immediately upon payment; and such right is not affected by a subsequent attempt of the obligee to discharge the first mentioned surety.—P. 476.

**5. Same—Recourse of Surety to Obligee's Security.**

As a general rule, the right of a surety on an appeal bond, with respect to any security which the judgment creditor may subject to the payment of his judgment, is to resort to it himself on paying the judgment, and not to compel the creditor to resort to it.—P. 476.

**6. Same—Release of Security by Creditor.**

The release by a creditor of security, to which a surety has the right to resort upon paying the debt, releases the surety to the extent that he is thereby deprived of indemnity.—P. 479.

**7. Attachment—Bond for Release—Effect.**

Where, by mutual arrangement between plaintiff and defendant in an action in which property of defendant has been attached, plaintiff takes defendant's bond with surety conditioned for the payment of any judgment in the action, and the attached property is released and the attachment dissolved, the surety taking over the property released for his indemnity, the liability of the surety on the bond becomes a substitute for the property attached which, by virtue of the bond, is released.—P. 482.

**8. Principal and Surety—Discharge of Surety—Release by Creditor of Other Security.**

In determining equities between a creditor and sureties on a bond, where the creditor's acts in releasing security, to which the surety may resort on payment of a debt, would result in loss to the surety, the result of the creditor's action is persuasive in adjusting the equities, because the right of subrogation of a surety rests not on contract, but on principles of natural justice. —P. 483,

9. **Principal and Surety—Rights of Surety—Release of Security by Obligee.**

Where a bond for the release of an attachment is taken, conditioned for the payment of any judgment in the action, the liability of the surety on the bond becomes a substitute for the property attached, and a surety on an appeal bond in the same action may resort to it upon payment of the judgment, and, therefore, the release of the surety on the first bond will release the surety on the appeal bond.—P. 483.

10. **Same—Liability of Co-sureties.**

Where a bond for the release of an attachment is taken, conditioned for the payment of any judgment in the action, the liability of the surety on the bond is a substitute for the property attached, and his obligation as against a subsequent surety on an appeal bond in the same action is not within the doctrine that, if sureties are bound for the same thing, or do not occupy towards each other the same relative position, a subsequent surety will have no right as against the first.—P. 484.

11. **Principal and Surety—Right to Recover on One of Several Bonds—Release of Security by Obligee—Rights of Surety.**

While a judgment creditor may elect upon which of two bonds he will proceed to obtain satisfaction of his judgment, he may not proceed against one of them if, by an affirmative act, he has destroyed the other surety's right to be subrogated to the only security there was for the payment of the judgment, and which was sufficient to pay it.—P. 485.

12. **Practice in Civil Actions—Action on Appeal Bond—Liability of Surety—Parties—Equities Between Co-sureties.**

In an action by a judgment creditor against a surety on an appeal bond, defendant is not entitled to the delay of the case incident to bringing in a surety on a bond, given to release a preceding attachment in the same action merely to settle equities between defendant and such surety, unless plaintiffs were in some way responsible for the creation of such equities, or had, by affirmative action, destroyed them.—P. 485.

13. **Same.**

The liability of a surety on a bond for the release of an attachment, conditioned to pay the judgment to a surety on an appeal bond in case the latter should pay it, would not entitle the latter to have the former made a party' defendant in an action on the appeal bond, since such liability will not affect or postpone plaintiff's rights.—P. 486.

14. **Same—Statutory Construction.**

Section 16, Colo. civil code, provides that, when a complete

determination of controversies between the parties to an action cannot be had without the presence of other parties, the court shall order them to be brought in. Held, that, where it is alleged that defendant, a surety on an appeal bond, was released by plaintiff destroying defendant's right to resort to a bond given for the release of an attachment, the surety on the latter bond is properly made a party defendant.—P. 486.

15. **Practice in Civil Actions—Action on Appeal Bond—Election of Remedies.**

While a judgment creditor has the right to elect upon which of two bonds he will proceed to obtain satisfaction of his judgment, and has the right to absolutely release a surety primarily liable prior to the other surety discharging his obligation, if he do so, he will prevent the latter from recovering from the former, and this will operate to discharge the one secondarily liable from his obligation.—P. 487.

*Appeal from the District Court of Weld County.*
*Hon. Christian A. Bennett, Judge.*

Action by Charles D. McPhee and John J. McGinnity, co-partners as McPhee & McGinnity, against William E. Day on an appeal bond, and to the latter's cross-complaint George E. Ross-Lewin, by order of court, was made a party to the action. From judgment for plaintiffs, defendant appeals.

*Reversed and remanded.*

Mr. H. N. HAYNES, for appellant.

Mr. CHAS. J. HUGHES and Mr. BARNWELL S. STUART, for appellees.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The question presented by this appeal is the liability of appellant as surety on an appeal bond upon which suit was commenced against him by the appellees, McPhee & McGinnity. In the complaint filed by these appellees in their action on the bond, it is alleged that they obtained a judgment in the dis-

trict court of Arapahoe county against J. B. Hindry for a specified sum; that Hindry appealed from this judgment to the court of appeals; that, pursuant to an order of that tribunal, Hindry filed an appeal bond, upon which appellant and another were sureties, conditioned for the payment of the judgment appealed from in case it was affirmed; that the judgment was affirmed, and has not been paid. To this complaint the defendant, Day, as an answer, interposed four defenses and a cross-complaint. To the latter the appellee, Ross-Lewin, by order of court, was made a party defendant. By the same order he was also made an additional party defendant in the original action. To each defense and cross-complaint a general demurrer was interposed and sustained. The defendant Day elected to stand by his answer and cross-complaint, and judgment was rendered against him, from which he appeals. His liability on the bond in question, therefore, depends upon whether or not either defense or the cross-complaint stated facts sufficient to constitute a defense to the action upon the bond.

By the first defense it is averred that the judgment mentioned in the complaint was rendered in an action instituted by plaintiffs in the county court of Arapahoe county against J. B. Hindry; that this action was supplemented by an attachment under which the city of Denver was garnished, by which sufficient funds of Hindry were attached to more than cover their claim; that following this garnishment, by stipulation of parties to the action, an order was entered by the county court reciting that the parties had stipulated to discharge the attachment upon Hindry filing a bond in the sum of three thousand dollars, with sureties, conditioned for the payment of any judgment which might be obtained against him in the action; that such bond had been filed, and there-

upon, by consent of all parties, it was ordered that the attachment be dissolved, and the city of Denver discharged as garnishee. It is also averred that the appellee, Ross-Lewin, was the surety on this bond; that it was executed by him to obtain a discharge of the writ of attachment, and the release of the city of Denver as garnishee, with the intent that such bond should stand in lieu of the garnishment; that Hindry thereafter collected the amount due him from the city, and paid the same to Ross-Lewin, pursuant to an agreement between Ross-Lewin and himself, made at and prior to the execution of the bond by the former to thus indemnify Ross-Lewin. It is then alleged that plaintiffs recovered a judgment against Hindry in the county court, from which Hindry, with the consent and in the interest of Ross-Lewin, prosecuted an appeal to the district court; that the result of the appeal was, that judgment was again rendered against Hindry, and that from this judgment an appeal was taken to the court of appeals, where the judgment was affirmed. It is further alleged that, in order to prosecute this appeal, the defendant, Day, signed the appeal bond mentioned in the complaint. It is also charged that this appeal was in the interest of Ross-Lewin, and with his knowledge, concurrence and consent, to the end that, if possible, the judgment would be reversed and Ross-Lewin released from his obligation.

It is further alleged that plaintiffs have entered into an arrangement with Ross-Lewin to enforce collection of the judgment from this defendant upon his bond, and to discharge Ross-Lewin from all liability thereon when such judgment is so collected. It is also averred that Hindry is insolvent.

From the foregoing synopsis it is claimed by counsel for defendant that it appears from this defense that the judgment for which Day became surety

on the appeal bond sued upon was originally fully secured by garnishment proceedings; that the Ross-Lewin bond was taken as a substitute for, and in lieu of, the assets secured by such proceedings; that these assets were, by the principal debtor, turned over to Ross-Lewin as security to indemnify him against loss in signing the bond which he executed, by virtue of which the attachment was discharged; that the appeal to the court of appeals was taken in the interest, and with the consent, of Ross-Lewin, and that McPhee & McGinnity have released Ross-Lewin. Upon these facts the following legal propositions are advanced by counsel for appellant in support of his contention that the court erred in sustaining the demurrer to the first defense:

(1) A surety, on paying the indebtedness of his principal, has the right to be subrogated to the securities held by the creditor for the payment of the debt discharged by the surety.

(2) That this right extends to securities of the principal debtor held by other sureties.

(3) That a release by the creditor of a security to which the surety has a right of subrogation, releases the surety.

(4) That, as between Day and Ross-Lewin, the latter was the primary surety from whom the former, on paying the judgment, would be entitled to full indemnity. This proposition is based upon the further ones to the effect that the bond signed by Ross-Lewin was a substitute for the original garnished assets of Hindry; that Ross-Lewin held as security assets of the principal debtor, Hindry; and the appeal perfected by the bond of Day was taken in the interest, and with the consent, of Ross-Lewin.

(5) That the agreement of plaintiffs to release Ross-Lewin from his obligation has released the defendant Day.

.Conceding, for the present, for the sake of argument, that these propositions are correct statements of the law, the facts to which it is sought to apply them do not relieve the defendant Day from his obligation upon the appeal bond. Upon affirmance of a judgment from which an appeal is prosecuted, the liability of the sureties upon the bond given to perfect the appeal becomes fixed and absolute. The obligee in such bond is not required to exhaust his remedy against the principal before proceeding against the surety, but may elect which of the sureties he will proceed against, or what security, holden for the judgment, he will resort to for its satisfaction.—*Anderson v. Sloan*, 1 Colo. 484; *Steinhauer v. Colmar*, 11 Colo. App. 494; *Wood v. Derrickson*, 1 Hilton (N. Y. C. P.) 410; *Staley v. Howard*, 7 Mo. App. 377; *Bingham v. Mears*, 27 L. R. A. (N. Dak.) 257; *Davis v. Patrick*, 57 Fed. 909.

The reason for these rules of law is that a judgment debtor may appeal from a judgment rendered against him independent of the judgment creditor, and when he is enabled to exercise this right through another engaging to pay the judgment appealed from in case it is affirmed, whereby the collection or enforcement of the judgment is stayed, the surety on the bond given for this purpose will not be heard to say that there is property of the principal debtor which can be subjected to the payment of the judgment, or that there are other sureties holden for the debt, or that because of equities between himself and others liable for the debt which the judgment creditor was not responsible for creating, that the discharge of his engagement should be postponed until such property is exhausted, or unless other sureties are proceeded against, or such equities between himself and others are first settled. So that upon the breach of the condition of his obligation he will not

be allowed to escape liability thereon, or postpone discharging it except for the most cogent reasons.— *Shannon v. Dodge,* 18 Colo. 164.

Generally speaking, then, the only defense which a surety upon an appeal bond can interpose after affirmance of judgment is one which discharges him from his obligation, either in whole or in part. There may be exceptional cases, as where the judgment creditor has access to a fund for the payment of his debt which a surety cannot make available; but no facts are presented for our consideration by the first defense upon which any argument is based, which excepts this case from the general rules of law announced.

Applying these principles, it is clear that the facts upon which defendant relied, as pleaded in his first defense, were not sufficient in law for any reason suggested by counsel. The judgment which he engaged to pay by the appeal bond which he executed was affirmed. That Ross-Lewin may also have been liable to discharge such judgment by virtue of the bond which he executed did not concern the defendant, for the plaintiffs had the right to elect which bond they would first proceed upon. Whether Day or Ross-Lewin was the primary surety was also immaterial for the same reason; neither was it material whether the bond signed by Ross-Lewin was or was not a substitute for the original garnished assets of Hindry, or that Ross-Lewin held as security to indemnify him assets of the debtor Hindry; because, as stated, the plaintiffs had the unquestioned right to elect which of the several sureties liable for the judgment they would proceed against. If it be true, as contended by counsel for defendant, that the allegation to the effect that the appeal of Hindry was taken in the interest, and with the consent, of Ross-Lewin made him liable to Day if he should pay

the judgment, that is a relation created between them for which the plaintiffs were in no manner responsible. Nor does the averment that plaintiffs have entered into a collusive arrangement with Ross-Lewin to release him from his obligation incurred by the bond given to dissolve the attachment, in any manner affect the rights of the defendant. It is not equivalent to an allegation that the plaintiffs have absolutely released Ross-Lewin upon his bond, but is nothing more than the averment of what the result would be by operation of law if the defendant paid the judgment. The plaintiffs could have but one satisfaction, and after payment by Day they could not hold Ross-Lewin upon a bond when the condition which made him liable thereon did not exist. Neither would an attempt on the part of the plaintiffs to discharge Ross-Lewin, after payment by defendant, affect his rights; because, if as contended, Ross-Lewin is primarily liable for the judgment and defendant would have the right to compel him to repay the sum disbursed to discharge it, that right would attach immediately upon his paying the judgment, and no action of the plaintiffs thereafter could affect that right. In short, from the facts pleaded by the first defense, nothing appears which would operate to release him as a surety upon the appeal bond, or postpone plaintiffs' right of action against him for any reason urged by his counsel. Whatever his rights against Ross-Lewin may be, they are intact; but he can only assert and settle them after he has discharged his obligation to the plaintiffs, and thereby been subrogated to such rights as they may have against others, or property liable for their judgment, which the law, by virtue of his payment, would confer upon him. As a general rule, the right of a surety on an appeal bond, with respect to any security which the judgment creditor may subject to the pay-

ment of his judgment, is to resort to it himself on paying the judgment, and not to compel the creditor to resort to it.—*Bingham v. Mears, supra;* 1 Brandt on Suretyship (2nd ed.), § 97; (3rd ed.), § 110.

There are no facts stated in the first defense upon which any argument is predicated by counsel for defendant which excepts this case from that rule.

The second defense is the same as the first, omitting the averment that Ross-Lewin was indemnified by the debtor Hindry, and that the appeal by Hindry was taken with the consent of Ross-Lewin. By this defense the alleged primary liability of Ross-Lewin and his liability to defendant Day appears to be based upon the allegation that the bond executed by Ross-Lewin was a substitute for the property of Hindry attached. That this is no defense, in connection with the other facts presented, although the contention of counsel for defendant may be correct as to the relative liability of Ross-Lewin and Day as between each other, has been shown in considering the first defense.

The third defense is the same as the first except that, instead of alleging an agreement on behalf of plaintiffs to release Ross-Lewin upon collection of their judgment from defendant, it is averred, in substance, so far as necessary to notice, that defendant, because of certain facts stated, believes it probable that subsequent to the affirmance of the Hindry judgment by the court of appeals, an agreement has been entered into between plaintiffs and Ross-Lewin, whereby the former have either absolutely released the latter from obligation upon his bond, or on the contingency of their obtaining and collecting a judgment against defendant upon his bond. Then follow statements or averments to the effect that by reason of the premises, and by virtue of the relation between plaintiffs, Ross-Lewin and the defendant, that he is

entitled, as a condition precedent to plaintiffs' obtaining a judgment against him or collecting the same, to an assignment of their judgment against Hindry, and also an assignment from them of their cause of action against Ross-Lewin upon his bond, with satisfactory assurances and indemnity to protect him against any defense which Ross-Lewin might interpose to an action on his bond by virtue of any agreement of plaintiffs to release him therefrom.

It is further stated or averred that as a condition precedent to plaintiffs' obtaining judgment against defendant and collecting it, that they be required to disclose whether or not they have entered into any arrangement or agreement whereby they have agreed absolutely or contingently to release Ross-Lewin from his obligation so that by such disclosure the defendant may know whether his right to subrogation against Ross-Lewin has been impaired, lost or discharged by the action of plaintiffs, to the end that if by such disclosure it should appear that Ross-Lewin has been discharged from his obligation, either absolutely or contingently, that defendant be discharged from all liability on his bond.

Then follows an averment to the effect that after suit was commenced against defendant, he requested of plaintiffs information as to whether or not they had agreed to release Ross-Lewin, either absolutely on contingently; and whether, if he, the defendant, should pay plaintiffs the amount sued for, they would assign to him their judgment against Hindry, and their right of action against Ross-Lewin on his bond, coupled with assurances that such right of action would not be impaired by any arrangement, contract, or agreement whereby Ross-Lewin could justly claim that he had been or should be released by plaintiffs from obligation upon his bond, but that

plaintiffs fail and neglect to give the defendant the information or assurances requested, and fail to indicate or express any willingness to execute or deliver to defendant the assignments requested, in the event defendant should satisfy plaintiffs' claim against him.

The right of defendant to the disclosure requested is not challenged, neither is the sufficiency of this defense questioned, except upon the ground that in no event would Ross-Lewin be responsible to defendant in case the latter should discharge his obligation upon the appeal bond. That the alleged contingent release is immaterial has already been determined. It might be said that defendant is not entitled to a formal assignment from plaintiffs of security to which they could resort to satisfy their judgment, because if defendant could resort to such security to indemnify him, his right to do so, upon payment of the judgment, would be protected by operation of law. But as this question is not argued by counsel for plaintiffs, nor the right of defendant to a disclosure of whether or not plaintiffs have released Ross-Lewin from his obligation questioned, we shall express no opinion upon either of these propositions, but pass to the question of whether that obligation can be resorted to by defendant in case he pays the judgment, and such collateral ones connected therewith as are necessary to determine the rights of defendant with respect to the Ross-Lewin bond.

We have said the defendant's liability upon the appeal bond is absolute, but it is not so in the sense that plaintiffs, by any affirmative act on their part, can destroy his right to indemnity and still hold him on such bond. The release by a creditor of security for a debt to which a surety therefor has the right to resort upon paying such debt releases the surety

to the extent that he is thereby deprived of indemnity.—*Crosby v. Woodbury*, 37 Colo. 1; Brandt on Suretyship (2nd ed.), § 301; Pomeroy's Equity (2nd ed.), § 1419.

If, then, plaintiffs have absolutely released Ross-Lewin from his bond, and defendant would have the right, because of such bond, to compel him to repay any sum which he might pay to discharge his obligation, the defendant would be released from his bond. The important question, then, to determine, is whether or not the defendant, on payment of the judgment, could hold Ross-Lewin liable for the amount thus disbursed.

Counsel for defendant contend that this bond was a substitute for the garnished assets of Hindry, and stands in lieu thereof, while on behalf of plaintiffs it is claimed that this obligation is but a common-law undertaking on the part of Ross-Lewin, whereby he is nothing more than a common-law surety for the payment of Hindry's debt. It is not the statutory forthcoming bond which a defendant may give in case of an attachment, for that would not have dissolved the attachment. Its purpose was to secure the debt sued for in the action in which the writ issued, and at the same time work a dissolution of the attachment by substituting the bond for the garnishment. The action of the parties indicate that such was their intent and object. It is so alleged in the defense under consideration. Plaintiffs, in the action against Hindry, had impounded sufficient assets of the latter to secure their claim. They were parties to the arrangement by which the Ross-Lewin bond was given. By consent, upon this obligation being executed, an order was entered by the court dissolving the attachment and discharging the garnishee. Thereby the Hindry assets were placed in his control, but plaintiffs were secured in lieu of such

assets by the Ross-Lewin bond. Ross-Lewin was indemnified by having these assets placed in his hands. In jurisdictions where the defendant in a suit supplemented by an attachment may give a bond provided by statute which has the effect of releasing the attached property, it is held that such bond is a substitute for the property attached.—*Sutro v. Bigelow,* 31 Wis. 527; *Smith v. U. S. Express Co.,* 135 Ill. 279; *Jaynes v. Platt,* 47 Ohio St. 262, 21 Am. St. 810; *Imbusch v. Farrell,* 1 Black (U. S.) 566.

The person signing such an obligation assents to assume the identical liability of the garnishee, had no such undertaking been given; or, as in *Sutro v. Bigelow, supra,* where, by virtue of a statutory undertaking a garnishee has been released, the court, in speaking of the obligation of the surety on such undertaking, aptly stated:

"Such appears to be the object and purpose of the statute enacted for the benefit of the defendant in the original action, and when he avails himself of it * * * in order to procure the release of his own property from attachment, and to obtain the possession of it for himself, it seems not inaccurate to say that the persons signing the undertaking are his sureties with respect to the property or effects so released, and that they are content to assume, and do assume, the precise liability with respect to him as defendant in the action which would have rested upon the property, or the holder of it, in case they, as such sureties, had not intervened with the undertaking."

In the 135 Ill. case, above cited, in speaking to the same point, it was said:

"When the attachments were discharged and the funds attached were released, the bonds of the surety company stood in the place of such funds, and were substitutes therefor."

There is certainly no good reason why a bond, although not given in accordance with any statutory provision, by virtue of which a garnishee is released and the attachment is dissolved, should not be so construed. We, therefore, conclude that where, by mutual arrangement between a plaintiff and defendant in an action in which an attachment has issued, and property of the latter has been attached, the plaintiff takes the bond of the defendant with surety conditioned for the payment of any judgment which may be rendered in that action, and the attached property is released and the attachment dissolved, and the surety, by arrangement with the debtor at the time of executing such undertaking, takes over the property so released for his indemnity, the surety signing such bond places himself in the attitude of a substitute for the property attached which, by virtue of such bond, is released. Any other conclusion, according to the facts presented by the defense under consideration, would work a great hardship on the defendant. Ross-Lewin is secured upon his obligation by the identical assets of Hindry which were attached. Plaintiffs can subject this bond to the payment of their judgment. Hindry is insolvent. If plaintiffs have released Ross-Lewin from his obligation, these assets are released, and Hindry may do with them as he pleases, or other creditors may step in and subject them to the payment of their claims; and defendant, although he may discharge the judgment which he bound himself to do, by his obligation, will be without remedy, whereas, if Ross-Lewin should discharge his obligation, or is required to reimburse defendant in the event he pays the judgment, the payment by Ross-Lewin, either in satisfaction of the judgment or by way of reimbursing defendant in the event he pays it, will not be at his expense, because he is amply

secured by property of the principal debtor. Loss to an obligor because he is required to discharge his obligation is not a conclusive reason why he should be relieved from his contract, but in determining equities between a creditor and the sureties where the acts of the former in releasing security to which the surety may resort on payment of a debt, would result in loss to the latter, the result of the action of the former is persuasive in adjusting such equities, because the right of subrogation of a surety rests not on contract, but is founded on principles of natural justice.

The next question to consider is the effect of plaintiffs' absolutely releasing Ross-Lewin from his obligation. Had his bond not been accepted by plaintiffs, the assets of Hindry would have been subject to their judgment, and had they released them subsequent to defendant executing his bond, he would have been released therefrom, for his right to be subrogated to plaintiffs' rights in these assets would have been destroyed. The bond of Ross-Lewin stands in lieu thereof. Therefore, the defendant would have the right to resort to it upon payment of the Hindry judgment; consequently, a release of Ross-Lewin by plaintiffs would release defendant from his obligation.

Counsel for plaintiffs advance the proposition that as between Day and Ross-Lewin, the former is primarily liable, and this, because Day was an intervening surety in a legal proceeding for the collection of a debt, and Ross-Lewin is an original surety for that debt. The premise is wrong as to Ross-Lewin. True, he obligated himself to pay whatever judgment plaintiffs might obtain against Hindry in their action in the county court, but that obligation took the place of property of Hindry which had been attached. This excepts his obligation from the doc-

trine announced in Bispham on Equity, § 330, where it is said, in effect, if sureties are not bound for the same thing, or do not occupy towards each other the same relative position, a subsequent surety may have no right as against the first. It likewise distinguishes the rights of Ross-Lewin from the old English case of *Parsons v. Briddock*, 2 Vernon 608. In that case the principal on a bond was arrested and gave bail. Judgment was obtained against the bail. The sureties on the original bond or obligation of the debtor were compelled to pay it. They were adjudged to be entitled to an assignment of the judgment against the bail because he stood in the place of the principal, and could not be released from the obligation he assumed, except upon the same condition the principal would be, *i. e.,* the discharge of the debt. Nor are the cases cited in point, wherein it is held that sureties intervening in legal proceedings brought to recover a debt, become primarily liable therefor, as between each other, in the inverse order they became such sureties. The feature of the obligation of Ross-Lewin which takes it without the rule contended for by counsel is, that it is to be treated precisely as though it were the assets of Hindry, which were originally attached. This conclusion works out exact justice between the parties. The plaintiffs may satisfy their judgment by resorting to the Ross-Lewin bond. If they do, he, in turn, is indemnified by the assets of the judgment debtor placed in his hands. Plaintiffs may satisfy their judgment by resorting to the bond of defendant. If they do, he can require Ross-Lewin, by virtue of his obligation, to reimburse him, in which event Ross-Lewin can apply the assets of Hindry to indemnify him for any sum he may have paid to the defendant. So that, in the end, whichever course is pursued, the judgment is satisfied out of the property of the prin-

cipal debtor, and at the same time the rights of the plaintiffs are fully protected and the sureties relieved. While, as we have stated, plaintiffs have the right to elect upon which obligation they will proceed to obtain satisfaction of their judgment against Hindry, they may not do so as against the defendant if by any affirmative act on their part they have destroyed his right to be subrogated to their rights in the Ross-Lewin bond. A judgment creditor may release such security for the payment of his judgment as he elects, but he must do so at his own risk, and not at the expense of others liable for such judgment.

The fourth defense is the same as the third, omitting the allegations concerning the indemnity of Ross-Lewin by Hindry, and the statement that Ross-Lewin consented to the appeal perfected by the bond of defendant.

From what has been said previously, we do not deem it necessary to determine specifically whether or not this defense was good.

The first nine paragraphs of the cross-complaint are essentially the same as the first seven paragraphs of the third defense. In addition it is stated in substance, so far as we shall notice, that to avoid a multiplicity of suits, to obtain complete settlement in one action, and fully protect the rights of defendant, it is necessary that Ross-Lewin be made a party defendant to the original action and a party defendant to the cross-complaint. An order making Ross-Lewin defendant to both the original action and cross-complaint was entered.

To merely settle equities between Ross-Lewin and Day, which the plaintiffs were in no wise responsible for creating, or to settle such equities between Ross-Lewin and Day, which the plaintiffs, by affirmative action, have not destroyed, would not entitle

the defendant to a delay of the case to determine those questions.

By the cross-complaint two vital questions are presented: first, the liability of Ross-Lewin to Day in the event the latter pays the Hindry judgment; and, second, whether or not, in case such liability exists, the defendant is released because plaintiffs have destroyed his rights to resort to the Ross-Lewin bond.

Standing alone, the first question would not entitle the defendant to have Ross-Lewin made a party, because the mere question of the liability of Ross-Lewin to the defendant on his obligation would not affect or postpone plaintiffs' rights; but when it is charged that Ross-Lewin has been released, his liability to defendant, as well as the question of his release, become vitally important in determining the liability of defendant to plaintiffs. Section 16 of our civil code provides:

"The court may determine any controversies between the parties before it when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversies cannot be had without the presence of other parties, the court shall order them to be brought in."

By virtue of this provision it has been decided that where there are persons not parties whose rights must be ascertained and settled before the rights of the parties to the action can be determined, such persons must be made parties, upon proper application to that end being made.—*Pollard v. Lathrop,* 12 Colo. 171; Bliss on Code Pleading, § 96; Pomeroy's Remedial Rights, § 418.

Under this rule it is manifest that Ross-Lewin was a proper party. If determined that he was liable originally, and that this liability continued because plaintiffs had not released him, then the de-

fendant would not be released, but the determination of these questions would not bind Ross-Lewin in his absence. So that, in determining the rights of plaintiffs and defendant as between each other, it was necessary, under the issues presented by the cross-complaint, to also settle and fix the rights of Ross-Lewin.

It is contended on behalf of plaintiffs and Ross-Lewin that the cross-complaint fails to state a cause of action; because, if it be true, as contended by defendant, that he has a right to resort to the Ross-Lewin obligation upon payment of the judgment, the release of Ross-Lewin by plaintiffs would not affect his rights. This contention is not tenable. Plaintiffs have the right to elect upon which obligation they will proceed to collect their judgment, and they have the right to absolutely release Ross-Lewin from all obligations to them prior to defendant discharging his bond; but if they do so, that, for reasons we have previously given, would prevent the defendant from holding him upon his bond, and this would operate to discharge the defendant from his obligation.

The judgment of the district court is reversed and the cause remanded for further proceedings in harmony with the views expressed in this opinion.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.