[No. 5955.]

THE ANCIENT ORDER OF THE PYRAMIDS ET AL. V. DIXON.

1. **Pleading—Complaint—Benefit Certificate**—The complaint averred that defendant, by a certain beneficiary certificate issued to the husband of the plaintiff, promised to pay plaintiff two thousand dollars within sixty days after proof made of his death; that, in order to secure a temporary loan from one Allen, this original certificate was surrendered and a new certificate issued in which Allen was named as beneficiary; that the loan had been repaid and the society notified thereof; that Allen's executrix had assigned the certificate so issued to him, to plaintiff; the husband's death, proof made thereof, and that all conditions of the certificate had been complied with. Held sufficient on demurrer.—(95-99)

2. **Statutes—Foreign Not Noticed**—The statutes of another state limiting the powers of a corporation organized there, which does business in Colorado, will not be judicially noticed.—(100)

3. **Corporation—Ultra Vires**—A fraternal insurance association will not be heard to plead ultra vires in an action upon a certificate for which it has received the stipulated premiums.—(101)

*Appeal from Lake District Court*—Hon. FRANK W. OWERS, Judge.

Mr. WILLIAM H. NASH, for appellant.

Mr. JAMES GLYNN and Mr. G. E. HAVENS, for appellee.

Plaintiff's complaint in this case alleges in substance, that on the 12th day of March, 1898, one

Richard A. Dixon became a member of one of the local councils of The Ancient Order of the Pyramids at Leadville, Colorado, known as Silver State Council No. 147, after having paid the premium required by the association, having fully complied with its laws, and upon other considerations to be kept and performed by the said Dixon during his lifetime. On said date there was duly issued and delivered to him the association's beneficiary certificate of insurance, the plaintiff herein being named as beneficiary thereunder, she bearing the relation of wife to said Dixon. In and by said certificate the said The Ancient Order of the Pyramids promised and agreed to pay to the plaintiff the sum of two thousand dollars, sixty days after the receipt at its home office of satisfactory proofs of the death of said insured; that said beneficiary certificate of insurance was duly accepted by said Dixon and delivered by him to this plaintiff for her benefit, said certificate being numbered by said association 8208; that prior to said 12th day of March the said Dixon made and executed his health certificate, pursuant to the rules and regulations of said association and delivered the same to the scribe of said local council; that on the 12th day of March plaintiff was, and up to the time of his death continued to be, the wife of said Dixon.

On the 20th day of March, 1902, the said Dixon and the plaintiff being desirous of temporarily securing a loan of money made to them by one L. A. Allen, surrendered the certificate of insurance aforesaid for the purpose of securing another certificate in lieu thereof in which the said Allen was named as beneficiary; all of which was done with the consent of the defendant The Ancient Order of the Pyramids. Immediately there was issued to the said Dixon in lieu of the original certificate a new one in all respects the same as the old, except that the said Allen was

therein named as beneficiary, with the designation of "Legal Advisor" to the said Dixon. Thereupon said new certificate was delivered to and accepted by the said Dixon, and by him delivered to this plaintiff, and by plaintiff in turn to said Allen, to be by the latter held solely and only as security for the loan aforesaid; that thereafter the debt of the said Dixon and this plaintiff to said Allen was fully paid and discharged, defendant having full notice thereof; that said Allen is now dead and no claim whatever to said certificate of insurance or the proceeds thereof is made by the heirs or the executors of the estate of said Allen, but on the contrary the legally appointed, qualified and acting executor of said estate, namely, one E. A. Allen, acting for and on behalf of said estate, under order of court, has duly assigned and transferred to this plaintiff said certificate and all right, title and interest which said estate or the heirs or executors thereof have in and to the same or the proceeds thereof, which said certificate is here now exhibited in open court.

That said Dixon died on April 23, 1904, and at the time of his death was a member of said Silver State Council No. 147 of said The Ancient Order of the Pyramids in good standing, having paid all dues and assessments, and having in all respects done and performed each and every the things required of him by the laws, rules and regulations of said order; that on the 30th day of April following the death of said Dixon, satisfactory proofs thereof were made by plaintiff to, and were received by, said defendant The Ancient Order of the Pyramids on the 5th day of May, 1904, at its home office; that although more than sixty days have elapsed since said proof of death were so received by said defendant, it has refused to pay said plaintiff the amount due on said

certificate of insurance, to wit: the sum of two thousand dollars.

That the defendant The American Guild was on the 31st day of December, 1904,' consolidated with the said Ancient Order of the Pyramids for the better protection of the members of both of said orders and for the mutual benefit of the said two organizations to be thereafter carried on as a consolidated association for their joint advantage; that under and by virtue of said consolidation all of the money and property of the said Ancient Order of the Pyramids was transferred to and accepted by the said American Guild. The money and property so as aforesaid taken over by the said American Guild consisted of personal property of the value of over $1,000.00, cash in the sum of $5,000.00, and mortgage loan securities in the sum and of the value of $29,000.00, which should have been applied in payment of the certificate of insurance aforesaid. Plaintiff sought judgment against the said Ancient Order of the Pyramids in the sum of two thousand dollars with interest and costs, and further prayed that said judgment be made a lien upon the money, property and securities received by said American Guild from said Ancient Order of the Pyramids, and that the same be levied upon and sold to satisfy the said judgment, as upon execution; and for such other, further and different relief as might be just and proper.

To this complaint each of the defendants interposed separate general demurrers. These demurrers were both overruled by the trial court, and the defendants elected to stand by their case as made on demurrer, declining to plead further. Upon proofs taken by the court the plaintiff had judgment against the defendant The Ancient Order of the Pyramids

in the sum of two thousand dollars with interest and costs as prayed, which judgment was decreed to be a lien against and upon the property of the said association so as aforesaid turned over to said defendant The American Guild. To review this judgment the defendants bring this cause here on appeal, alleging error on the part of the trial court in overruling said demurrers and in entering judgment for plaintiff.

Mr. JUSTICE BAILEY delivered the opinion of the court:

Counsel for appellants, defendants below, urge that because of the failure of the pleader to allege in his complaint that the payment of the debt to Allen was made prior to the death of Dixon, and also that since the averments thereof show that the proofs of death were furnished by plaintiff rather than by said Allen, the substituted beneficiary, as required by the terms of the policy, the complaint is left bare of facts to constitute a cause of action. We do not so regard the situation. The matters referred to being purely technical and not of substance, are not available under general demurrer, particularly in face of the material facts which were well pleaded, the truth of all of which the demurrers admit, for the purpose of a decision upon the questions raised by them. The attention of the court should have been directed to the omissions referred to, if important in any view of the case, by motion to make more specific or by special demurrer.

The main contention of counsel for appellants, however, is that under the statute law of Missouri where the appellant The Ancient Order of the Pyramids was incorporated, as is shown by the complaint, it was incompetent and unlawful for the association to issue the certificate of insurance in question nam-

ing L. A. Allen as beneficiary therein under the title of "Legal Advisor" or at all, it nowhere appearing that said Allen bore such relation to the insured as permitted of his being named as beneficiary in that sort of certificate, because of certain express provisions of the law in that state, and therefore the certificate is a nullity and void under said statutes and no recovery may be had upon it. A complete and conclusive answer to this suggestion is found in the fact that there is nothing shown in the case either by pleading or otherwise that permits the appellants to rely upon this contention. Had they pleaded by way of answer to the complaint and set forth and relied upon these Missouri statutes, now referred to for the first time in this case so far as the record discloses, and offered them in proof, they would doubtless now be here for consideration at least. Not so, however, in the present state of the record. The mere fact that it appears from the complaint that the said Ancient Order of the Pyramids was incorporated under the laws of the state of Missouri is not sufficient to require, or for that matter to even permit, this court to hunt out and examine all or any of the laws of that state bearing upon the government and management of such institutions. If the appellants desired the court's consideration of such laws they should have pleaded and offered them in testimony, or such thereof as were deemed material. The omission so to do is fatal to the appellants' right to here now exhibit them in briefs and rely upon them for the first time. Besides, even if all that is claimed for these laws by appellants be true, and if the act of the association complained of was in fact beyond its rightful power by reason of their provisions, still the association, under the facts of this case, would not be permitted to take advantage of this defense in

a suit to recover upon the certificate in question. It is a settled principle of law that a society of this sort is estopped, after receiving the benefits of a completed transaction such as this, from pleading *"ultra vires,"* and it will not be allowed to reap the benefit and advantage of such alleged wrongful act, whether done through ignorance or deliberately. Want of power to act cannot be invoked to aid a party to perpetrate and perpetuate a wrong and injustice.

The record shows that, for more than six years immediately prior to his death, the deceased, Dixon, paid his dues and assessments to this society, and in all respects discharged every obligation which he owed it in order to keep the certificate in question in full force and effect, and that the association accepted and retained such payments to its own use, benefit, profit and advantage, and it will not now be heard by this court to deny its liability to the widow of the insured under this certificate, she having been originally named therein as beneficiary, and remained, to all intents and purposes, the real and actual beneficiary, although for a time the certificate was temporarily assigned merely as security to a third party, for such was the effect of the transaction with Allen, whose claim has now been fully paid and discharged.

Upon every consideration of law, equity and humanity the judgment of the trial court finds abundant support and should be affirmed, and it is so ordered.                     *Judgment affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.