No. 9116.

## KENYON v. BEHRENS.

1. JUDGMENT—*Reference in one court of the determination of the rights of parties therein to another court—Effect.* In an action pending in Weld County District Court a decree foreclosing a mortgage issued to secure a series of the bonds of a coal mining company recited that the claim of one Kenyon to certain of the bonds was then pending in the district court of the City and County of Denver, but set apart a sum of money, the amount of the bonds claimed by Kenyon, and directed that it be deposited with the clerk of the Weld County Court to be held until the determination, in the Denver court, of the claim asserted by Kenyon, and that if he should be successful, "this court shall thereupon determine the proper application of said deposit." Having prevailed in his action in the court in Denver Kenyon filed in the Weld County Court a petition setting up the judgment in his favor in the District Court of Denver and praying that the deposit in the hands of the Weld County Court should be turned over to him. *Held* that to sustain a demurrer to this petition was manifest error; that the foreclosure was as complete as to the bonds to which Kenyon was entitled as to the others; that Kenyon could not be required to litigate the question of his right further.

2. —— *How Pleaded.* Only the entry of the judgment, by a designated court, with the names of the parties, the date of the entry, and the amount, need be stated.

Where the judgment is pleaded in *haec verba* there is no need to allege that it is what it plainly appears to be.

*Error to Weld District Court, Hon. Robert G. Strong, Judge.*

*Department One.*

Messrs. ROBINSON & ROBINSON, Messrs. HAYNES & ROBERTS, for plaintiff in error.

Mr. GEORGE H. BRADFIELD, Mr. W. D. GOODE, for defendants in error.

Opinion by Mr. Justice Teller.

PLAINTIFF in error brought suit in the District Court

at Denver against defendant in error, the State Coal Company, to establish his title to certain bonds,—a part of a considerable bond issue by said company,—which he claimed as a part of an agreed consideration in a contract with said company, which he alleged had been fully performed on his part. Before said suit came to trial plaintiff in error learned that a suit had been begun in the District Court of Weld County to foreclose the mortgage by which said bonds were secured. He at once filed a petition in the foreclosure suit, setting up the pendency of his action in Denver, and prayed that the foreclosure might be stayed until his right to the bonds in question was determined in the Denver suit. Thereupon an amended complaint was filed in the Weld County suit in which plaintiff in error was made a party defendant, he being the unquestioned holder of a part of the bonds issued which had been delivered to him under said contract. The Denver suit was based upon a claim to other bonds under the same contract.

A few days later the cause was heard upon the complaint and answer, and the petition of plaintiff in error, and a decree entered. It directed a foreclosure sale, and, as to the petitioners' claim, "which," it was recited, "is now in process of adjudication in the District Court in and for the City and County of Denver," the court decreed that the sum of $3,685,—the amount of the bonds claimed in the Denver suit, and interest thereon,—be deposited with the clerk of court, "the same to be held by said clerk pending the determination of said claim in the District Court of the City and County of Denver, Colorado, in the suit now pending, at which time this court shall determine the proper application or disposition of said deposit, and, if said Arthur D. Kenyon be successful therein, this court shall thereupon determine the proper application of said deposit, and if not successful therein, said deposit to be distributed as if said claim had not been made," etc.

The property was sold, and the sum of $3,685, was deposited with the clerk as directed by the decree.

Thereupon, plaintiff in error, having in the meantime been successful in the Denver suit and been adjudged entitled to the bonds claimed, made application for the money so deposited, and, the application having been denied, Kenyon, after the making of sundry motions not necessary to consider, filed an amended petition in the nature of a cross-complaint, setting up the Denver judgment and the facts on which it was based, together with a reference to his claim in the foreclosure decree, and praying that the money deposited as aforesaid be turned over to him.

To this pleading the State Coal Company and the bondholders—plaintiffs in the suit—filed demurrers, on the same grounds, viz: That the cross-complaint did not state facts sufficient to entitle the complainant to relief, in that:

"1st, That it does not show that the pretended bonds in question were ever foreclosed, and no foreclosure thereof is asked in the petition;

"2nd, That it does not show that the judgment of the District Court of the City and County of Denver, between petitioner and the defendant, The State Coal Company, was simply a judgment against the defendant, The State Coal Company, and against no other person or party, and that the bondholders herein and the parties entitled to the distribution of the said fund herein were in no wise parties to said action in the District Court of the City and County of Denver, Colorado; that they have not had a hearing thereon, nor had their day in court with respect to said suit."

The demurrer of the Coal Company was overruled, the demurrer of plaintiffs was sustained, the petition of plaintiff in error was dismissed, and the clerk directed to distribute the deposit among the plaintiff bondholders.

The cause is now here on error.

The fundamental error assigned is the sustaining of the plaintiff's demurrer to the cross-complaint, the order denying Kenyon's application to share in the fund resulting directly from that ruling.

It is somewhat difficult to see how the first objection to the complaint can have any basis. The mortgage was foreclosed for the benefit, of course, of all whose debts were secured by it.

The demurrer admitted the allegations of the cross-bill, which alleged that Kenyon was the equitable owner of bonds secured by the mortgage, and, further, that a court of competent jurisdiction had so adjudged.

The foreclosure of Kenyon's bonds, or the debt which a delivery of bonds to him would have evidenced, was as complete as that of the plaintiffs' bonds. That the foreclosure would enure to his benefit, if he was entitled to bonds, was recognized by the decree in providing for the deposit with the clerk of the exact amount of Kenyon's claim.

This provision of the decree, made without objection on the part of the plaintiffs,—so far as the record discloses,— amounts to a direction by the court, and a consent by plaintiffs that the claim made by Kenyon to the bonds in question should be determined by the District Court of Denver.

The provision that, if he did not succeed in the Denver suit, the deposit was to be distributed among the other bondholders clearly implied that if he succeeded the deposit would be paid to him.

The contention that the judgment was not well pleaded is without merit. In pleading a judgment of a court of general jurisdiction it is required only that the entry of the judgment, by a designated court, be alleged, with the names of the parties, the amount, and the date of entry.

The second ground of demurrer, to-wit: That the judgment is not shown to be against the defendant Coal Company, and no other, and that the parties entitled to the fund were not parties to the Denver suit, is also without merit.

The judgment is pleaded in *haec verba,* and speaks for itself. Why it should be supposed necessary to allege that the judgment is what it purports to be, and nothing else, does not appear.

Nor is the other objection,—that the bondholders were not parties to the suit in the District Court of Denver,—of any force under the circumstances of the case.

When the foreclosure decree was entered, Kenyon was a party defendant, made so by the amended complaint filed one week before the date of the decree. His answer was in the nature of a cross-complaint, and, as before stated, set up the Denver judgment and the grounds on which it had been recovered. If the judgment was not conclusive of Kenyon's title to bonds, it was at least *prima facie* evidence of his title. But, regardless of that, the allegations of his cross-complaint were sufficient to entitle him to a hearing on his right to share in the fund.

The Weld County suit was to foreclose the mortgage for the benefit of all holders of claims under it, and, when Kenyon was made a party defendant, and had answered, the court had jurisdiction and it was its duty to determine the whole controversy, including the question of Kenyon's right to be treated as a bondholder.

He had, as above stated, carried on the Denver suit, and litigated the question of his right to bonds, with the acquiescence of both court and plaintiffs, and with the clear right to conclude that the judgment of the court in Denver would be accepted as determining his right. Whether or not plaintiffs are bound by that judgment, on the grounds urged by counsel for Kenyon, need not be determined, because plaintiffs, by failure to object to the provision of the decree above mentioned, thus allowing Kenyon to proceed with his suit under the circumstances here presented, cannot equitably require him to litigate the question again.

The sustaining of the demurrer was error.

The judgment is reversed, and the cause remanded with directions to order paid to the plaintiff in error his ratable proportion of the amount available under the foreclosure sale for distribution among the bondholders.

Chief Justice Garrigues and Mr. Justice Burke concur.