No. 14,544.

PEOPLE ET AL. *v.* MADDEN ET AL.
(90 P. [2d] 621)

Decided May 1, 1939.   Rehearing denied May 22, 1939.

Mr. W. PENN COLLINS, for plaintiffs in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. JOSEPH D. ISKOW, Assistant, for defendants in error.

*In Department.*

MR. JUSTICE KNOUS delivered the opinion of the court.

PLAINTIFFS in error Ruth Kahler and Rudolph Kahler, respectively the mother and foster father of the infant plaintiffs in error, who it was claimed were unlawfully detained by defendants in error in the State Home for Dependent and Neglected Children, sought to secure their custody by habeas corpus proceedings in the district court. Reference will be made to plaintiffs in error by name, or as petitioners and to defendants in error as respondents. After answer and return to the original writ and reply thereto, both parties presented motions for judgment on the pleadings. The district court sustained the motion of the respondents, entered judgment in their favor, and dismissed the writ. Petitioners seek a review of that adjudication.

March 17, 1936, upon petition of Rudolph Kahler, after a jury trial, judgment was entered in the juvenile court of the City and County of Denver declaring the said minors to be dependent children and committing them to the State Home for Dependent and Neglected Children as wards of the state of Colorado. This judgment has not been modified and no writ of error was ever prosecuted to review the same.

It appears from the pleadings that after the children had been committed to the state home, the authorities in charge of that institution, for trial adoption, placed the children in the care, in the language of the petition, "of citizens out of the state of Colorado," said in the briefs to be a sister of the petitioner Ruth Kahler, who resided in the state of Kansas. The petition further alleges, "that your petitioner, Ruth Kahler, took steps to have her children returned to her," and in her reply to the answer and return, says: "That the petitioner, Ruth Kahler, left the state of Colorado and secured the legal care, custody and control of said children, in said foreign state, by legal process;" that she then returned with the children to Colorado where the juvenile court officers, pursuant to the previous judgment of that court, returned them to the state home; that at the time, petitioner "was

in legal custody and control of all said children, by decree of a court out of the territory and of jurisdiction of Colorado.''

Beyond these allegations there is no suggestion in the pleadings of the entry of any judgment affecting the status of the children in any court other than the juvenile court of the City and County of Denver, yet petitioners base their argument almost entirely upon the comity clause of the federal Constitution, article IV, section 1, and say that thereby the Colorado courts must give full faith and credit to an alleged ''decree of a court out of the territory and of jurisdiction of Colorado,'' not identified as to jurisdiction, state or appellation by the pleadings. Under the liberal provisions of section 71 of our Code, which dispenses with many of the common-law requirements in pleading a judgment, even as to the adjudications of domestic courts of general jurisdiction, we have held that such a pleading to be sufficient is required only to state ''the entry of the judgment, by a designated court, * * * with the names of the parties, * * * and the date of entry.'' *Kenyon v. Behrens,* 66 Colo. 144, 180 Pac. 681. Where reliance is upon the judgment of a court of a foreign state, as res judicata, it is necessary, in addition, to allege the jurisdiction of that court. *Davis v. Davis,* 70 Colo. 37, 197 Pac. 241. The petition here could well have been dismissed because of this insufficiency in pleading, but even if a decree relating to the custody of the children was entered in Kansas, as is suggested in the briefs, it would have no extraterritorial effect beyond the boundaries of that state, and ipso facto would not necessarily be binding upon the Colorado courts under the full faith and credit clause of the federal Constitution while the children are domiciled in Colorado. *People, ex rel. v. Torrence,* 94 Colo. 47, 27 P. (2d) 1038, citing 15 R. C. L. 940, §417.

If the pre-existing locus of the domicile of the children in Colorado was in any manner affected by their temporary placement for trial adoption in Kansas, which

we seriously doubt, any uncertainty in this respect is removed by the fact that upon the occasion of their questioned last return to the state home under the juvenile court judgment, they actually were physically within the state of Colorado, and there is no allegation in the pleadings of the petitioner that at this or any other time their domicile was in any other state. In the light of these circumstances the question of the propriety of the action of those in charge of the state home in permitting the removal of the children from Colorado, need not be considered.

The judgment of the district court is affirmed.

MR. JUSTICE BURKE and MR. JUSTICE YOUNG concur.