NATHANIEL BAILEY AND OTHERS v. JAMES MORGAN AND ANOTHER.

A defendant who is properly served, may object to defective citation or service by publication on unknown parties, for the purpose of having the costs thereof taxed against the plaintiff.

Our statute does not authorize service of citation by publication on unknown, non-resident defendants, not being the heirs, successors or legal representatives of a deceased party.

Where the names of persons who would, if known, be necessary parties, are unknown and could not by due diligence be ascertained, the action may proceed without them.

Appeal from Polk. Action by the appellants against the appellees, and others unknown, stockholders in the town of Swartwout. The petition set forth the articles of agreement between several of the plaintiffs and defendant Morgan, by which they formed an association for laying out the town of Swartwout, and issuing stock, selling lots, &c. Each of the parties had put in fifty acres of land, all adjoining; and some of them were to attend to the business at home, while defendant Morgan was to attend to the interests of the association abroad, in selling stock, &c. It was alleged that owing to an error in the early policy of the company, the town had languished, and was still languishing. It was prayed that the title to the property be established, that titles be made to purchasers and to persons who had improved upon the faith of promises to make donations of the lots improved, that the lots be sold, and proceeds divided. There had been an hundred shares, most of which the petition alleged, were held by persons unknown, residing beyond the limits of the State. Bailey made oath that the names and residences of the shareholders in the town of Swartwout, who were not named in the petition, were unknown to him. Citation was served on the defendants named and there was publication of the citation to the unknown defendants. Defendant Morgan moved to quash

the service by publication; motion sustained, " and the plaintiffs not asking for *alias* process in said cause," the petition was dismissed.

*Yoakum & Branch*, for appellants.

WHEELER, J.    The only ground on which, it is perceived, the defendant Morgan could take exception to the defective citation or service by publication on unknown parties, is that it occasioned unnecessary costs.    On this ground he perhaps was properly heard to make the objection; and as the publication could not have the effect to make parties, persons not named, the citation was properly quashed at the costs of the plaintiffs.    But the quashing of the citation or service did not authorize the dismissal of the petition.    It appears to have been dismissed because the plaintiffs did not ask an *alias* citation.    That was unnecessary unless there were parties named on whom service could be made; and, as there were not, the suit was, indirectly, but virtually, dismissed for the want of proper parties.    Was it rightly dismissed for this cause?    As a general rule all persons materially interested in the subject matter, or, as it is expressed by Mr. Calvert, all persons having an interest in the object of the suit, ought to be made parties.    (Calvert on Parties, Ch. 1, Sec. 1, p. 11; Story's Eq. Pl. Sec. 76, a.)    But to this rule there are many exceptions. "All these exceptions (says Story) will be found to be gov- "erned by one and the same principle, which is, that, as "the. object of the general rule is to accomplish the pur- "poses of justice between all the parties in interest, and it is "a rule founded, in some sort, upon public convenience and "policy, rather than upon positive principles of municipal or "general jurisprudence, Courts of equity will not suffer it to "be so applied as to defeat the very purposes of justice, if "they can dispose of the merits of the case before them, with- "out prejudice to the rights or interests of other persons, who

"are not parties, or if the circumstances of the case render "the application of the rule wholly impracticable." (Story Eq. Pl. Sec. 77.) Thus, where the new parties are without the jurisdiction of the Court; or are so exceedingly numerous that it would be impracticable to join them without great delay and inconvenience; or where the proper parties are unknown to the plaintiff, and this is averred; in these and other excepted cases, the objection of want of parties will not, in general, be allowed to prevail; for, to require such persons to be made parties, would be equivalent to a dismissal of the suit; and would amount to a denial of justice. (Id. 78, *et seq.*) The present case comes within the reason and letter of the exception respecting unknown parties. It is averred that the names and residences of the persons interested, who are not made parties, are unknown. And from the nature of the case, as stated, it is not probable that they would be known to the plaintiffs. The object proposed by this suit would seem to be, to affect their interests beneficially, rather than injuriously. It seems, at least, clear that the Court can proceed to a decree without injury to their interests; and therefore that it would not insist upon their being made parties; but may well dispense with them. We are of opinion therefore that the Court erred in dismissing the petition. The judgment is reversed and the cause remanded.

Reversed and remanded.