Helm, J.
The complaint in this case avers that in 1880, Webb, one of the defendants in error, brought suit in the District Court and obtained a decree recognizing and enforcing a secret, resulting trust upon certain lands and other property held by the Good Enough Milling & Mining Company, the other defendant in error; that said decree required the company to convey to Webb, title to the property therein described ; but that the decree and also the deed afterwards executed in pursuance thereof, further provided that Webb should take the property subject to the payment therefrom “of any and all just debts against the said The Good Enough Milling & Mining Company, which may be determined by due process of law, to be preferred over the claim of said William H. Webb, in and to the said land and other property.”
The complaint further alleges, that before the rendering of said decree, the company became indebted to plaintiff’s assign- or, and still remains indebted to plaintiff in the sum of over $1,100, for goods, wares and merchandise sold and delivered at its instance and request; that at the time of such sale and delivery neither plaintiff nor his grantor had any notice or knowledge whatsoever of the existence of defendant Webb’s said secret trust; that the company was then in possession and the apparent owner of the property; and that when this suit was commenced the company was wholly insolvent and had no effects of any kind whatever.
*490 Each of the defendants filed a demurrer to the complaint on the -grounds: first, that the facts stated do not constitute a cause of action; second, that there is a defect or misjoinder of parties defendant; and third, that causes of action are improperly united. These demurrers were sustained and judgment rendered for defendants. We are now asked to reverse this judgment.
The truthfulness of the foregoing averments in the complaint is, of course, admitted; and it is apparent that plaintiff must look to the property conveyed to Webb or lose his entire debt. Whether he may do so or not depends upon the construction we shall give to the reservation above mentioned in the decree and deed.
No protection of bona fide mortgage, judgment or other existing incumbrance or lien, was needed in the decree. No action taken or conclusion reached in that proceeding, could interfere with the rights of such prior incumbrancers. If, therefore, we say that this provision of the decree refers to this class of obligations, we declare that the Court did something which was entirely unnecessary; that it performed the useless task of protecting rights which needed no protection. To take this view is practically to admit, with counsel for defendant in error, that the condition in question is merely surplusage. But under a well known rule of construction, it is our duty to give meaning and effect to this provision if we can reasonably do so. The whole of the decree and deed must be considered, together with the purposes of the Court in connection therewith; and both instruments must be so interpreted as “that every word, if it may, may take effect and none be rejected.”
The object of the Court in rendering the decree, as we understand it from the complaint, was to protect the interest of Webb arising out of his equitable rights in the property. But the company had for some time been transacting business, and it had incurred debts, among which was that of plaintiff in error. The trust recognized and enforced by the Court not only arose by implicatian of law, but was also secret. It was clearly the province of a Court of equity to guard as far as possible the rights of the company’s creditors who became such without notice of the secret claim or interest of Webb.
This, we believe, the District Court endeavored to do; that *491 portion of the decree under consideration was doubtless intended to protect the interests of just such creditors as plaintiff in error. The phraseology is not the best that might have been used, but its meaning is reasonably plain. The “preference” given to “all just debts,” is such a superiority or advantage as a Court should award a bona fide creditor over a secret and hidden equity, of which he knew nothing, against the property of his debtor.
But counsel for defendant in error argue that the rights of persons, not parties or privies to a suit, cannot be affected by a judgment or decree rendered therein.
It is true that the interests of such persons cannot be injuriously affected thereby; but Courts of equity have the power to protect, by reservation or limitation in their decrees, the rights of individuals who appear to be interested, even though they be not parties to the action. The usual and proper course is to continue the cause until such persons can be made parties and their rights adjudicated. Many instances exist where this must be done; but when, as in the case before the District Court, the rights of plaintiff against the defendant may be fully determined without the presence as parties, of such persons, the Court may render a decree reserving and protecting therein their interests. This power is expressly recognized in the fortieth order of the English Chancery Orders of 1841, and in the fifty-third rule of the Equity Rules of 1842, Supreme Court of the United States. But section sixteen of our Code of Civil Procedure, renders unnecessary any further discussion of this subject. It provides that a “Court may determine any controversy between the parties before it, when it can be done without predjudice to the rights of others, or by saving their rights.”
This was all the District Court undertook to do; it said to Mr. Webb, “You have an equitable right to this property; that right shall be enforced and protection shall be given you in connection therewith; but inasmuch as by your own conduct in keeping secret your interest, the company was given a fictitious credit and enabled to incur obligations, you shall take the property incumbered. Innocent creditors of the company, without notice of your equity, shall have the right, upon the establishment of their claims, within a reasonable time, in *492 the manner provided by law, to subject this property to the payment thereof.”
The remaining questions presented by the record before us, may be discussed together. These questions are, was there a misjoinder of parties defendant, and were causes of action improperly united in the suit?
Our consideration of the first ground of demurrer leads us to the following conclusion, viz: That the provision in the decree and deed, concerning the just debts of the company, created a specific lien upon the land thereby conveyed to Webb, in favor of certain creditors. The recording of either the decree or deed gives notice of this lien to all the world.
, The objects of this suit, therefore, are to show that plaintiff is one of these creditors, and entitled to the benefit of this lien; also to enforce the same. The preliminary propositions to be established are: That plaintiff has an existing valid claim against the defendant company; that such indebtedness was incurred prior to the date of the decree in favor of defendant Webb; and that when the credit was given, neither plaintiff nor his assignor had any knowledge of Webb’s secret equity.
It is possible that plaintiff might first bring a separate suit against the company and reduce his claim to judgment ; then proceed in another action to enforce his lien. But supposing Webb should appear at the former trial, offer to show that his property might ultimately be subjected to the payment of this judgment, and ask to be made a party, should not the Court, grant his request? he has a vital interest in the result; he is entitled to know that the claim is just, and that the judgment is not exorbitant. But with him as a party, why not try the remaining questions and enforce the lien in the same action ?
Again, the situation is analogous firthat of a debt secured by mortgage, where the land has been sold by the mortgagor. In the action of forclosure both the original mortgagor and the purchaser are necessary parties. The former has an interest in the controversy because he is liable for the balance should the property fail to pay the debt. The latter, though he bought with notice of the mortgage, is interested because his property is to discharge the obligation secured thereby, and because he owns the equity of redemption. (Dunlap v. Wilson, 32 Ill., 523.) The insolvency of the mortgagor, if that be his con *493 dition, does not affect his right to contest against the judgment or the liability which may thereby rest upon him.
Louis Boisot, for plaintiff in error.
Shackleford & Karr, for defendants in error.
The complaint was sufficient, there was no misjoinder of parties or of causes of action, and both the demurrers should have been overruled.
The judgment will be reversed and the cause remanded.