POLLARD v. LATHROP.

1. PARTIES — NECESSARY — ESTABLISHMENT OF TRUST. — Plaintiff sought to have a trust in certain property established in her favor against defendant, who was in possession of it, and also to set aside a settlement and deed of the property executed to him. The latter denied the trust, affirmed the absolute title of the property to be in himself, and that all matters in dispute between himself and plaintiff had been settled by compromise, and the execution of the deed sought to be set aside. It appeared that one C. had acted as agent of the plaintiff in effecting the settlement, and it was alleged that such deed had been executed in consideration of the purchase by defendant of an interest in certain judgment liens held by C. against the plaintiff; and that, by the terms of the settlement, C. was to receive from the defendant a half interest in the property in question, and, when it had yielded him a certain amount, he was to convey to plaintiff an undivided one-half of his interest. *Held*, that the object of the action was to establish the trust alleged, and that C., not being interested in this question, was not a necessary party, under Code, section 16, providing that the court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others.

2. PLEADING — SUPPLEMENTAL ANSWER. — Leave to file a supplemental answer will not be granted, in such case, on an affidavit stating that C. had been originally joined as defendant, and that the action was dismissed as to him, as defendant believed, under some arrangement between the plaintiff and C.; such dismissal of the action not showing any ratification by the plaintiff of any act of C. or of the defendant.

3. TRUSTS — COMPENSATION OF TRUSTEE — DENIAL OF TRUST. — Where one in the possession of property, and sought to be charged as trustee, denies the trust, claiming title as absolute owner, he cannot, on judgment being rendered against him, claim any compensation for services in the management of the property.

*Appeal from District Court of Clear Creek County.*

Messrs. L. C. ROCKWELL and W. T. HUGHES, for appellant.

Messrs. T. B. BRYAN, B. M. & C. J. HUGHES, H. W. HOBSON and M. G. CAGE, for appellee.

RISING, C.   Appellee was plaintiff below, and brought this action against appellant Pollard and one Charles H.

Curtis. The said defendants answered the plaintiff's complaint, and upon the issue so joined a trial was had, in which certain questions were submitted to a jury. After the verdict of the jury was returned the plaintiff dismissed the action as against the defendant Curtis, and the court entered a judgment in favor of the defendant Pollard, from which judgment plaintiff appealed to this court, upon which appeal said judgment was reversed and the cause remanded. Defendant Pollard then filed his petition in the court below to have said Curtis reinstated as a party defendant. The court denied said petition, and this ruling of the court is assigned for error.

In the determination of the question presented upon this ruling, it becomes necessary to ascertain what issues are presented by the complaint and answer. These pleadings are not made a part of the record in this case, but are referred to by counsel as a part of the record in the case upon the first appeal to this court. It is not necessary, however, for us to go to the record, for the issues made by the pleadings are concisely stated in the opinion of the court upon the first appeal in 6 Colo. 424, as follows:

"Plaintiff sues in this action as the widow and sole heir-at-law of Joseph H. Lathrop, deceased. She seeks to obtain title to three hundred feet of the Emma mine, and to cancel a certain deed and receipt given by herself to defendant Pollard in compromise or settlement of their disputes in connection therewith; she also demands an accounting as to the proceeds of said premises during the period of his control and management thereof. The theory of the complaint is that, from 1873 until 1879, Pollard held and operated the mine as trustee for the sole use and benefit of Lathrop; and that, after the death of Lathrop in 1879, plaintiff became the beneficiary in such trust, vested with precisely the same title and rights in and to the trust estate as were possessed by her said husband at the time of his decease. The complaint also

alleges a settlement of the matters in dispute between herself and Pollard, but seeks to avoid the same on the ground that it was fraudulent in law and void." "After a specific denial of all the material allegations of the complaint, defendant Pollard, in his separate answer, affirmatively alleges absolute title in himself to the disputed lode, but admits an understanding or agreement between himself and Lathrop to sell the latter a half interest therein upon payment by him of one-half of the purchase money originally expended therefor, together with one-half the cost of developing, procuring title and defending the same. He also alleges that he had determined to give plaintiff the full benefit of such agreement, but relies upon the compromise referred to in the complaint as a full and complete discharge of all his obligations to plaintiff in connection with the premises."

Appellant's petition for the reinstatement of Curtis as a party defendant, in addition to setting out what purports to be the substance of the plaintiff's complaint, contains what purports to be a detailed statement of the transactions leading up to and constituting the settlement mentioned in the complaint. From this statement it appears that said Curtis was retained by the plaintiff to effect a settlement with Pollard of the matters in difference between Pollard and the plaintiff in relation to the said Emma mine; that Curtis at that time held judgment demands against the estate of Joseph Lathrop, deceased, for a large amount; that, at the threshold of the settlement arrangements, it was agreed between said Curtis and appellant that appellant should pay to Curtis the sum of $2,500 for an interest in said judgment demands; that before said payment was to be made the plaintiff must convey said mine to appellant by quitclaim deed; that in pursuance of this understanding the plaintiff made such deed, and delivered it to Curtis, who delivered it to appellant, and appellant paid to Curtis said sum of $2,500 in consideration of said deed, and an in-

terest in the said judgment liens; that by the stipula-
tions of the settlement it was also agreed that Curtis
should receive from appellant an undivided one-half in-
terest in said mine, to hold the same in his own right
until it had yielded him the sum of $8,000, which sum
was to be applied in satisfying his judgment demands
against said estate, and then Curtis was to deliver to
plaintiff a deed conveying to her an undivided one-half
of his interest in said mine.

Do the facts set out in the pleadings, and in the peti-
tion in explanation of the pleadings, show that Curtis is
a necessary party to the action? The primary objects of
the action is to establish the trust character of appellant's
title to three hundred feet of the Emma mine, and to
enforce the rights of the plaintiff as the beneficiary under
such trust. With this question Curtis is not in any
manner connected, or in any way interested. The sec-
ondary object of the action is to set aside and cancel the
deed given by plaintiff to appellant, on the ground that
it was fraudulently obtained. If she failed to establish
her rights as beneficiary under the alleged trust, it would
be of no avail to her to set aside the deed. The title to
the property was in appellant before she made the deed
to him.

The real controversy between appellee and appellant
relates to the primary object of the action; and, under
the ruling in this case upon the first appeal, appellant's
answer, denying the title or right of the plaintiff as ben-
eficiary under the trust which she seeks to establish,
precludes appellant from claiming anything under the
alleged settlement, for the reason that a trustee in pos-
session of a trust estate claiming absolute title thereto,
and denying the existence of the trust, cannot, as a set-
tlement between himself and the beneficiary of the con-
troversy raised by his denial of the rights of such
beneficiary, become the purchaser of the trust estate;
and a deed thereto, so obtained from the beneficiary,

will be held to be vitiated by the circumstances sur-
rounding the transaction. *Lathrop v. Pollard*, 6 Colo.
424, 431.

At the time appellant petitioned for the reinstatement
of Curtis as a party defendant, he was precluded by the
facts admitted in his answer, from claiming any title to
the premises under the settlement, and by reason thereof,
the secondary object of the action was eliminated from the
case, and the case was relieved of any question as to the
necessity of making Curtis a party to the action by rea-
son of his interest in the subject-matter thereof. Cur-
tis could not be affected by the result of the action; for,
if the plaintiff succeeded in establishing the trust alleged,
the deed from her to appellant would be void, and, if she
failed to establish the trust, her deed to appellant con-
veyed nothing.

But, aside from the ruling of the court upon the first
appeal, upon which the foregoing views are based, we
do not think the facts presented by the pleadings are
sufficient to make Curtis a necessary party to the action.
Appellant's right to have Curtis reinstated as a party de-
fendant must be determined by the provisions of section
16 of the code, which reads as follows: "The court may
determine any controversy between the parties before it
when it can be done without prejudice to the rights of
others, or by saving their rights; but, when a complete
determination of the controversy cannot be had without
the presence of other parties, the court shall order them
to be brought in." The provision requiring other parties
to be brought in, where a complete determination of the
controversy cannot be had without their presence, has
been held to apply to cases "where there are other per-
sons not parties whose rights must be ascertained and
settled before the rights of the parties to the suit can be
determined." *McMahon v. Allen*, 12 How. Pr. 39, 45.
This has reference to the necessary parties to the action;
that is, to such parties as are indispensable. As to per-

sons that may be proper parties, the court in the case cited say: "Doubtless there are many other cases in which a defendant may require other parties to be brought in, so that the judgment of the court in the action may protect him against the claims of such other parties."

In Pomeroy's Remedies and Remedial Rights, section 418, the learned author, commenting upon this statutory provision and the decision of the court cited, says: "The distinction between the two conditions here spoken of is plain. In the first the rights of the parties to the record are so bound up with those of others that they cannot be ascertained and fixed without at the same time ascertaining and fixing the rights of the others also; and to do this these others must, of course, be before the court. In the second the issues between the parties to the record can be decided; but the relations of the defendant towards third persons are of such a nature that they will be affected by the decision, and it would be better and safer for him if these persons should be brought in, so that his relations might be defined and protected in the single judgment."

If a case comes within the first-described condition, the court must cause such other persons to be brought in, because they are indispensable parties; but it is a matter of discretion with the court whether persons who are proper parties, but not indispensable parties, shall be brought in or not. Bliss, Code Pl. § 97. It is very clear that the facts stated in the pleadings do not show Curtis to be a necessary party to the action. His interest in the subject-matter of the controversy cannot be affected by the result of an action to which he is not a party, and the interest of appellant in said subject-matter is in no way dependent upon or affected by any interest Curtis may have therein. The code provision relating to the bringing in of parties is an embodiment of the equity practice as laid down in *Williams v. Bankhead*, 19 Wall.

563, 571, quoted with approval in *Allen v. Tritch*, 5 Colo. 222, 227. It is there held that when a person "is not interested in the controversy between the immediate litigants, but has an interest in the subject-matter, which may be conveniently settled by the suit, and thereby prevent further litigation, he may be a party or not, at the option of the complainant." The rule here stated is applicable to the case under consideration.

The court did not err in refusing to reinstate Curtis as a party defendant.

Appellant moved the court below for leave to file a supplemental answer, and based such motion upon his affidavit, stating that the action was commenced jointly against him and Charles H. Curtis, and that at the January term of the court the plaintiff dismissed the action as to said Curtis; that defendant believes, and had reason to believe, that said dismissal was made in consequence of some settlement, agreement or arrangement between the plaintiff and said Curtis; that plaintiff has duly ratified all the actings and doings of her agent, the said Curtis, in the transactions set forth in the complaint; that plaintiff has acquiesced in the delivery of the deed made by her to appellant, so far as concerns said Curtis, for more than three years after the discovery by her of the facts constituting the fraud and undue influence alleged. The court denied the motion, and this ruling is assigned for error.

The facts stated in said affidavit are: (1) Joinder of Curtis as party defendant; (2) dismissal of action as to Curtis; (3) cause of dismissal; (4) facts constituting a bar to the action as to Curtis. All the other statements are mere conclusions of law. The facts stated are not sufficient to constitute a defense for appellant.

It is urged in the argument that the circumstances of the dismissal of the action as to Curtis show a ratification of the alleged settlement by plaintiff, and that a ratification once made is final and conclusive, and must

be held to cover the entire transaction, and equally affect all the parties thereto. We do not think that the dismissal of the action as to Curtis tends, in the least degree, to show a ratification by plaintiff of any act of Curtis or of appellant. On the contrary, we think it clearly appears, from the facts stated in the affidavit in relation thereto, that the dismissal was based solely upon, and was made in consideration of, an agreement made at the time between Curtis and the plaintiff.

It is objected to the decree that it denies appellant compensation for his services in the management of the property, and this objection is based upon an alleged admission in the complaint that he is entitled to compensation. We do not find anything in the record which warrants such a conclusion.

Appellant, in his answer to the complaint, denied the allegations charging him with having taken title to the property as trustee for the use and benefit of Joseph H. Lathrop, deceased, and he claimed title thereto as absolute owner. The court found against him upon this issue, and that his claims of an interest in said property were falsely asserted. The trust was at all times denied by the appellant. We know of no principle of equity that would, under these circumstances, allow such trustee compensation for his services in the management of the property.

The judgment should be affirmed.

DE FRANCE, C., concurs. STALLCUP, C., dissents.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*