DEUTSCH v. BAXTER.

1. ALLEGATION AND PROOF—VARIANCE.

It seems that an allegation that the claim sued on had been assigned to the plaintiff is not supported by proof of a written assignment of the claim to him as trustee.

2. AGENTS AND AGENCY—INCONSISTENT EMPLOYMENT.

A broker who acts in the same transaction as the agent of parties whose interests are antagonistic, is not entitled to compensation from either.

*Appeal from the District Court of Arapahoe County.*

APPELLANT was the owner of some lots and buildings on Market street in this city. On the 10th of December, 1888, he entered into a contract with Braun & Bochow, as agents, to sell the property. It is alleged that under such contract Braun & Bochow negotiated a sale of the property to Oscar Reuter for $120,000; that during the month of December Reuter paid appellants $1,000 on the purchase, to be forfeited in case Reuter did not complete the purchase. The purchase was not completed. It is shown that Reuter attempted to complete the purchase in accordance with the contract, tendered $40,000, the amount due, and demanded compliance. The tender was refused. The cause is not clearly shown. Reuter brought a suit for specific performance, which was tried, resulting in failure and the dismissal of the suit. Afterwards, by some arrangement between appellant and Reuter, appellant returned to Reuter the $1,000 (the half of which is claimed as forfeit in this suit), and all negotiations for purchase were dropped and the matter settled. The claim of Braun & Bochow was assigned to appellee, who brought suit for $500, the one half of the $1,000 claimed by him to have been forfeited, there being an agreement in the contract that Braun & Bochow should receive one half of all payments forfeited. The defendant Deutsch answered, denying, generally, every allegation of the com-

plaint, and interposed a special defense. The case was tried to the court. Finding for the plaintiff and judgment for $500.

Messrs. TALBOT, DENISON & WADLEY, for appellant.

Mr. JOS. N. BAXTER, *pro se.*

REED, P. J., delivered the opinion of the court.

There are several errors assigned. The suit was brought by appellee in his personal and individual capacity. In the complaint it is alleged that the claim was assigned to him. Upon the trial plaintiff (appellee) offered in evidence an instrument in writing, being an assignment to him as trustee, which was objected to by the defendant for the reason that it showed the assignment to have been made to appellee as trustee and was not admissible in support of the complaint. The objection was overruled and an exception taken to the ruling of the court, and error assigned.

The only evidence in support of the allegation in the complaint was the written instrument. It was ably contended in argument that the written instrument was inadmissible, and many authorities are cited to support the proposition that the assignment being to appellee as trustee, no action could be maintained by him in his individual capacity, and that the case alleged in the complaint was so variant from the one made by the instrument in writing that the admission of the latter was error. Upon principle the contention would seem to be valid, but how far the code controls we have not examined. Preferring to put the decision of the case on less technical ground, will only suggest that the complaint should be so reformed as to make the same case as that of the evidence.

It is contended that the refunding of the money, under the circumstances, by appellant, and his refusal or inability to comply with his contract, prevented the $1,000 in his hands being forfeited under the contract, and having been properly

returned to Reuter no cause of action could be maintained for one half by appellee.

During the pendency of negotiations an attempt was made by Reuter to have appellant accept other real estate in part payment of the purchase money. To effect it, Braun & Bochow made a contract with Reuter whereby they were to attempt to influence or induce appellant to take the property, and for such service, if successful, were to be paid $500 by Reuter. Such contract was clearly established by the evidence.

It is contended that such employment was incompatible with the employment by appellant, and precluded his recovery. It is clear that the contract of Braun & Bochow with Reuter for a commission of $500 to effect the trade and exchange of property, and their efforts to secure the exchange with their principal, was incompatible with their duty to appellant. That "no man can serve two masters" is as true in fact as when enunciated over 1800 years ago, and is as well understood as a canon of law. As a rule in ethics, according to the decisions, such a second employment destroys the agency. The rule is well settled that the agent can collect from neither. It is put upon the ground of public policy. The principal is entitled to the fidelity and best services of the agent, which is impossible when the agent is employed by both parties in the same transaction, when their interests are antagonistic. See *Farnsworth v. Hemmer*, 1 Allen (Mass.), 494; *Everhart v. Searle*, 71 Pa. St. 256; *Raisin v. Clark*, 41 Md. 158; *Finnerty v. Fritz*, 5 Colo. 174.

In this case it is shown that neither employer knew of the employment by the other, but if both had known the agent could not recover from either. *Raisin v. Clark, supra.*

Was the $1,000 forfeit, so as to entitle an agent to the one half? To have been forfeit, default or noncompliance must have been that of Reuter. No such fact is shown. On the contrary, he is shown insisting upon compliance, tendering the amount due and bringing a suit for specific performance. The reason for the failure to complete the transaction is left

obscure by the evidence, but· it is inferable that appellant could not make satisfactory title; but whatever it was, it was clearly a failure or refusal on the part of appellant. One clause of the contract reads:

"Said Deutsch shall make title perfect if he can, but if it cannot be made perfect, and said Reuter shall not elect to take same within four months from January 1, 1889, said Deutsch may rescind this agreement and declare it null and void and of no further effect, upon repayment to said Reuter of the $1,000 forfeit hereinafter mentioned."

Under that clause, or for some other reason, it is evident that appellant rescinded, and was either unable or refused to complete the contract. He, being in default and unable to comply or rescinding under the agreement, could not keep the $1,000, and was bound legally and equitably to repay it. It is a well settled rule of law that in order to rescind the parties must be placed in *statu quo* as of the time the contract was made. We conclude that the money never became forfeit, and that appellee could not maintain an action for the one half.

For reasons stated the judgment will be reversed and cause remanded.

*Reversed.*