## No. 9753.

## DAVIS *v.* DAVIS.

### Decided April 4, 1921.

Action for divorce and alimony.  Judgment of dismissal.

### *Reversed.*

1. DIVORCE AND ALIMONY—*Prior Decree—Dismissal.*  In an action for divorce and alimony, defendant pleaded a former decree in his favor rendered in a foreign state.  Plaintiff replied that that decree had been obtained fraudulently and without service on, or appearance by her, and that the foreign court had no jurisdiction.  *Held*, that the defense was not a plea to the jurisdiction, but one of *res adjudicata* and that it was error to dismiss the cause without trial on the ground that the court had no jurisdiction by reason of the decree of the foreign court.

    The motion to dismiss treated as a motion for judgment on the pleadings or a demurrer to the replication; the latter would have been the proper method of reaching the question.

2. PLEADING AND PRACTICE—*Judgment of Foreign State.*  Upon a plea of former judgment rendered in a court of another state, it is necessary to allege the jurisdiction of that court, and a denial thereof raises an issue of fact.

3. JUDGMENT—*Of Foreign State Court—Attack.*  Even against the full faith and credit clause of the federal constitution, it is permitted to assail the jurisdiction of a court of another state and to prove facts which negative the same.

4. DIVORCE AND ALIMONY—*Alimony and Property Rights.*  A wife is not barred from her right to be heard on the questions of alimony and property rights by a decree of divorce against her in the court of a foreign state rendered without actual service upon or appearance by her in such proceeding.

*Error to the District Court of the City and County of
Denver, Hon. Julian H. Moore, Judge.*

Mr. L. J. STARK, for plaintiff in error.

Mr. JOHN T. BOTTOM, Messrs. DANA, BLOUNT & SILVER-
STEIN, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

IN May, 1918, Anna J. Davis brought suit in the Denver
district court against Robert W. Davis for divorce and ali-
mony, alleging desertion, non-support and adultery, and
claiming a share of the property in his name and posses-
sion. The defendant pleaded a decree of divorce, granted
him by the district court of Ada county, Idaho, in 1915, as
*res adjudicata,* and also, it would seem, in abatement, as a
plea to the jurisdiction. The plaintiff replied, denying the
jurisdiction of the Idaho court over the parties or subject-
matter, and, as a fourth replication, alleged that defendant
deserted her in 1912, and fraudulently and secretly pro-
cured the decree in the answer mentioned, while she was
still domiciled in Denver, without service on her or appear-
ance by her and without notice to her, fraudulently pre-
venting actual notice to her by omitting the middle initial
in each of their names and by giving her address as merely
Denver, though well knowing her address by street and
number.

When the case was called for trial defendant moved to
dismiss for want of jurisdiction, on the ground of the Idaho
decree; and the motion was granted. Plaintiff brings error.

The defense above mentioned was not a plea to the juris-
diction, but an ordinary plea of former judgment. (See 3
Chitty, Pl., 930; *Hallack v. Loft,* 19 Colo. 74, 81, 34 Pac.
568.) The Denver court had jurisdiction of the cause and
parties as in a case for dissolution of partnership; that the
parties were not partners or not man and wife could not
affect that jurisdiction.

Former judgment or *res adjudicata* is a plea in bar,

while a plea to the jurisdiction is in abatement. The plea stated a defense, but upon the question of jurisdiction the existence or non-existence of a defense is immaterial. *El Paso County v. Colorado Springs,* 66 Colo. 111, 180 Pac. 301.

For the purposes of this suit the motion to dismiss was, in effect, the same as a motion for judgment on the pleadings or a demurrer to the replication, (the last was the proper way to reach the question) and so admitted the truth of the replication. The motion, therefore, should have been denied if the fourth replication was good.

Since the Idaho record shows no appearance by defendant nor personal service on her, we are not bound by that decree under the full faith and credit clause of the national constitution, *Haddock v. Haddock,* 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1; *Perkins v. Perkins,* 225 Mass. 82, 113 N. E. 841, L. R. A. 1917B, 1028. But we are required by comity to respect it and to give it force unless there is some grave reason to the contrary. *Felt v. Felt,* 59 N. J. Eq. 606, 45 Atl. 105, 49 Atl. 1071, 47 L. R. A. 546, 83 Am. St. Rep. 612. Since this state may refuse it recognition, *Kenner v. Kenner,* 139 Tenn. 211, 201 S. W. 779, L. R. A. 1918E, 587, it may recognize the decree on such terms as seem fit. 201 U. S. 570. We may, then, lawfully try here the question whether the decree was fraudulently procured in Idaho.

Ought we in comity to refuse to do so? The basis of comity in these matters is the principle that we ought to give to the decrees of other states that force which we would wish them to give to ours. The Act of Congress of May 26, 1790, as to full faith and credit, requires us to recognize the judgment of other states to the same extent as we do our own. To recognize the decree to the extent required to affirm the judgment in this case, however, would give it greater force than we give our own, since in this state we permit collateral attack on a judgment rendered without sufficient service. *Wilson v. Hawthorne,* 14 Colo. 530, 24 Pac. 548, 20 Am. St. Rep. 290. See also *Hallack v. Loft, supra; Crippen v. Ditch Co.,* 32 Colo. 447, 460, 76 Pac.

794. We ought not to wish other states to give our judgments such force in their territory, and neither law nor comity requires it.

Again, Idaho's right to grant the divorce upon substituted service is based on the theory that each state has full rights over the status of her citizens. *Haddock v. Haddock,* 201 U. S. 570, 26 Sup. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1, and that the status of marriage is a *res* and so divorce is a matter *in rem* and justifies jurisdiction upon the principle stated in *Pennoyer v. Neff,* 95 U. S. 714, 24 L. Ed. 565. Have we less right over the status of our citizens than Idaho over that of hers? If we decline to consider the sufficiency of the proceedings there we are deprived of that right. We lose control of the status of our citizen, the plaintiff below, *Haddock v. Haddock,* 201 U. S. 573. Comity ought to be reciprocal. It would not be if we should hold with defendant in error. *Ib.*

The fourth replication was therefore good and the motion to dismiss should have been denied on that ground.

There is another and more obvious reason why the motion should have been denied. It was necessary for defendant to allege that the Idaho court had jurisdiction of the parties and subject-matter, because that is a matter of the law of Idaho, a question of law in that state but elsewhere one of fact, to be pleaded, proved and submitted to the jury like other facts. The rule is elementary. 1 Chitty Pl. 216; *Polk v. Butterfield,* 9 Colo. 327, 12 Pac. 216; *Atchison, etc., v. Betts,* 10 Colo. 430, 437, 15 Pac. 821; *Wolf v. Burke,* 18 Colo. 264, 268, 32 Pac. 427, 19 L. R. A. 792; *Wells v. Schuster-Hax. Nat. Bank,* 23 Colo. 534, 536, 48 Pac. 809; *Ancient Order, etc., v. Dixon,* 45 Colo. 95, 100, 100 Pac. 427; 16 Cyc. 884, 20 Cent. Dig. col. 93, Ev. § 51; First Dec. Dig. & 2nd Dec. Dig. Ev. § 35.

Defendant, as he ought, alleged the fact, and plaintiff traversed it. The jurisdiction, then, of the Idaho court was at issue and that issue should have been tried, with such evidence as to the law of Idaho, the domicile of the parties and other matters affecting that jurisdiction as might be

competent.  *Thompson v. Whitman,* 18 Wall. 457, 21 L. Ed. 897.  See also *Haddock v. Haddock, supra, Andrews v. Andrews,* 188 U. S. 14, 23 Sup. Ct. 237, 47 L. Ed. 366.

Even against the full faith and credit clause it is permitted to assail the jurisdiction of a court of another state and to prove facts which negative the same.  *Andrews v. Andrews, supra; Thompson v. Whitman, supra; Rose v. Himely,* 4 Cranch, 241, 269, 2 L. Ed. 608; *Wisconsin v. Pelican Ins. Co.,* 127 U. S. 265, 291, 8 Sup. Ct. 1370, 32 L. Ed. 239.

It is claimed by plaintiff in error that even if the Idaho divorce were valid she is entitled to be heard as to alimony. In this we think she is right.  Alimony is *in personam* and not *in rem.*  A wife could not get it, in a suit brought by her, upon constructive service alone, 19 C. J. 287 (unless, perhaps, as to property within the territorial jurisdiction of the court to which she applied for divorce.)  How, then, can he bar her right to it upon such service?  *Spradling v. Spradling* (Okla.) 181 Pac. 148, and the cases there cited, together with the cases cited above seem to settle the question in her favor.  What is said as to alimony is equally applicable to the question of property rights.

The judgment is reversed and the cause remanded for further proceedings not inconsistent herewith.