## No. 11,556.

### Conroy, et al. *v.* Cover, et al.

Decided December 6, 1926. Rehearing denied February 7, 1927.

Action for accounting. Judgment of dismissal.

### *Reversed.*

1. Parties—*Joinder.* Persons who are interested in the subject matter of litigation should be made parties if within the jurisdiction of the court.

2. *Nonjoinder.* In an action for accounting for funds held in trust for the benefit of six persons in equal shares, where one could receive his share with no interference with the others, it is held that the action was improperly dismissed for failure to make nonresident beneficiaries parties.

3. Actions—*Multiplicity of Suits.* The rule that a defendant should not be subjected to a number of suits, is one of convenience only, and should not be permitted to make a court powerless.

4. Appeal and Error—*Dismissal.* It is unreasonable for a court to dismiss a cause for a defect or failure which it had been asked to correct. It should make the correction.

5.  PARTIES—*Nonjoinder—Dismissal.* In an action against a trustee for accounting it is held, that his request that he be made a defendant ''as trustee'' should have been granted.

6.  PLEADING—*Accounting.* In an action for accounting for funds held in trust, where defendant was not named as trustee, but only in his own proper person, it is held, that as the complaint charged him with conversion of the funds it justified a judgment in personam and so stated a cause of action.

7.  COURTS—*Jurisdiction.* Jurisdiction of the subject matter of an action is conferred by law, and is not affected by the omission of a party.

8.  PARTIES—*Nonjoinder—Waiver.* Generally, objections as to parties are waived by answering over.

### On Rehearing.

9.        *Nonjoinder—Nonresidents.* In an action for accounting for trust funds, where an inspection of the record discloses that the rights of interested absent persons who cannot be made parties, may be saved, it is held that it is the duty of the court to proceed with the case as far as it can without them, protecting their interests in some manner which will make them safe.

*Error to the District Court of Morgan County, Hon. L. C. Stephenson, Judge.*

Messrs. ALLEN, WEBSTER & DRATH, for plaintiffs in error.

Messrs. MELVILLE, MELVILLE & TEMPLE, Mr. ARLINGTON TAYLOR, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE complaint of plaintiffs in error was dismissed without prejudice on motion of defendants after demurrer to replication was sustained. Plaintiffs bring error.

The following are the facts essential to our decision: Estella Conroy and S. A. Cover, brother and sister, brought this action against U. G. Cover, their brother, to compel him to account for funds delivered to him in trust by their father and mother for the benefit of their six children, i. e., the said parties and Grace Pierce, T. W. Cover and P. O. Cover. He was charged with misappropriation of the funds by conversion to his own use and by transfer to his wife, Verna Cover, who was therefore made a party defendant. Grace, T. W. and P. O. refused to join as plaintiffs, and Grace, a resident of Colorado, was therefore made defendant, but the remaining brothers were omitted, as the complaint alleges, because they were beyond the jurisdiction, being residents of California. U. G. Cover is not named as trustee in the title to the cause but only as an individual.

A demurrer to the complaint was overruled and the defendants answered separately. It will be necessary, however, for us to consider only the answer of U. G. Cover.

He set up eight defenses. In the sixth he claimed that he, as trustee, and T. W. and P. O. Cover were indispensable parties, that the case could not go on without them, and prayed that they be made parties or the case dismissed. The plaintiffs replied and a demurrer to their replication was sustained. Thereupon the defendants moved to dismiss the case without prejudice, which motion was granted. The ultimate question before us is whether that order was right.

The ground of the dismissal stated by the court was the failure to make the non-resident cestuis que trustent parties. We think it insufficient. Their rights could be saved; indeed not be interfered with (Code sec. 16; *Buck v. Webb,* 7 Colo. 212, 215, 3 Pac. 211; *Pollard v. Lathrop,* 12 Colo. 171, 175, 20 Pac. 251, 21 C. J. 299, 300), though, if they were within the jurisdiction, the court should order them brought in. Id. The spirit of the Code on this question is further shown in Code 1921,

§ 48. The citations of the defendants in error do not reach this case; e. g., in *McLean v. Farmers, etc., Co.,* 44 Colo. 184, 98 Pac. 16, the omitted parties were holders of water rights every one of which would be affected by the decree if it were of any effect at all. So in *Dennison v. Jerome,* 43 Colo. 456, 96 Pac. 166, the trust was not mature, and no relief could be granted without affecting the rights of the omitted beneficiaries; but now we have a trust for the benefit of six persons in equal shares where one can receive his share with no interference with the others, yet the proposition is that unless all are made parties and served, none can compel the payment of his share. This would be indeed "twisting the strands of precedent into a rope with which to strangle justice." Any trustee could conspire with one cestui que trust, take the whole estate and the others could only appeal to a paralyzed court. It is a simple matter to take an accounting and give the present parties their proper shares, letting the absent ones sue later if they so desire. This is open only to the objection that defendant would be subjected to two suits which is but a rule of convenience and should not be permitted to make a court powerless. In *Rumsey v. N. Y. Life Ins. Co.,* 59 Colo. 71, 147 Pac. 337, the plaintiff could have obtained a decree affirming the alleged change of beneficiary in the policy by a suit in Honolulu against the original beneficiary and then have brought her suit in Colorado; justice was therefore within her reach, but in the present case the plaintiffs would be helpless. The court's reason for dismissing the complaint was therefore wrong.

But defendants in error claim that U. G. Cover should have been made a party as trustee and that the dismissal was therefore right even if the reason for it was wrong; his request to be made a party as trustee, however, we think required the court to make him such or at least forbade the court to dismiss the cause for that reason. It would have been unreasonable for the

court to dismiss the cause for a defect or failure which it had been asked to correct. It ought to correct. Such an objection can be corrected with a word and should be. Code 1921, §§ 81 and 84; *Deutsch v. Baxter,* 9 Colo. App. 58, 47 Pac. 405. A plea of such a defect is neither in bar nor abatement, the party should be brought in. *Pierce v. Conners,* 20 Colo. 178, 184, 37 Pac. 721. All objections as to parties except those noted above were waived by answering over.

It is claimed that the complaint states no cause of action against U. G. Cover personally, but since it charges him with conversion of funds it justifies a judgment in personam and so states a cause of action against him.

The objection is made that the court, without the trustee as a defendant, had no jurisdiction of the subject matter of the case. We do not think so. Jurisdiction of the subject matter is conferred by law (*Davis v. Davis,* 70 Colo. 37, 38, 197 Pac. 241), and exists even before the suit is begun. It is not affected by the omission of a party. For example, the Denver county court has jurisdiction of any action on a promissory note for $1,000. The payee sues the maker. Who would say that the court has no jurisdiction of the subject matter until the maker is served, though he be out of the state or a non-resident?

The judgment of the district court is reversed with directions to deny the motion to dismiss and proceed not inconsistently with this opinion.

MR. CHIEF JUSTICE ALLEN not participating.

### On Rehearing.

Upon motion for rehearing we have given the matter of non-joinder of parties most careful consideration and our conclusion is that the motion must be denied.

The only difference of opinion that can exist on that point is on the question whether the rights of the

omitted brothers can be saved under the provision of Code ch. 1, sec. 16.

The method of saving such rights in English chancery was by permitting the absentees to reopen the decree if when they returned, it was found to be erroneous. *Williams v. Whinyates*, 2 Brown's Chan. 399; *Smith v. Hibernian Mine Co.*, 1 Schoales and Lefroy, 238, 240, 241. In the last case cited the Lord Chancellor of Ireland says: "The ordinary practice of courts of equity in England when one party is out of the jurisdiction and other parties within it, is, to charge the fact in the bill, that such a person is out of the jurisdiction, and then the court proceeds against the other parties, notwithstanding he is not before it. It cannot proceed to compel him to do any act, but it can proceed against the other parties, and if the disposition of the property is in the power of the other parties, the court may act upon it."

So here, the disposition of the property is in the hands of the trustee and the court may act upon it.

Lord Eldon in *Cockburn v. Thompson*, 16 Ves. Jr., 326, says: "The same principle in a great variety of cases has obliged the court to dispense with the general rule as to persons, out of its jurisdiction; and there are many instances of justice administered in this court in the absence of those, whose presence, as parties, if they were within the jurisdiction, it would not be administered; as it obviously cannot be so completely, as if all persons interested were parties: but the court does what it can." *Bailey v. Morgan*, 13 Tex. 342. Mitford & Tyler Pl. & Pr. in Equity, 20, 21, 256, 257; Story Eq. Pl. (10th Ed.), pp. 93-98; *Rogers v. Penobscot Min. Co.*, 154 Fed. 606, 83 C. C. A. 380; *Tally v. Ganahl*, 151 Cal. 418, 90 Pac. 1049; *Searles v. N. W. Mu. Life Ins. Co.*, 148 Ia. 65, 126 N. W. 801, 29 L. R. A. (N. S.) 405.

In the last mentioned case the insurance company was sued in Iowa on a life policy by the administrator, and in Connecticut by an assignee of the policy. The court said: "The fact is that the inability to get plain-

tiff and Shepard & Co. (the assignee) into the same jurisdiction, so that a judgment may be rendered as to the validity of the assignment which will be binding on both of them, is not a misfortune of plaintiff, but of the defendant.  *  *  *  But we are unable to see how defendant can saddle its misfortune upon the plaintiff.  *  *  *''
The court then quotes with approval Hawes on Parties: ''The rule that all persons having an interest in the suit should be made parties is not inflexible.  It is a rule of convenience, adopted by courts of chancery to shorten litigation  *  *  *, and may be dispensed with when impracticable or very inconvenient; as when such persons are very numerous or are unknown  *  *  *  or beyond the jurisdiction of the court.  *  *  *  The rule being a rule of convenience courts will not allow it to be so applied as to defeat the very purpose of justice, if they can dispose of the merits of the case before them without prejudice to the rights of other persons who are not parties, or if the circumstances of the case render the application of the rule impracticable.''

It is true that decisions of this court hold parties perhaps not more necessary than those here in question to be indispensable, but in none of those cases was it held that the case could not go on without them if they were too numerous or absent from the jurisdiction or could not be found, except *Rumsey v. N. Y. Life,* which we noticed in our former opinion, and *Grater v. Logan High School District,* 64 Colo. 600, 173 Pac. 714, where it was obviously impossible to save the rights of the absentees, since the only purpose of the suit was to take them away.

It would not be reasonable to say that the court could not proceed without two parties who could not be reached because out of the state, but that it could proceed without say a hundred, whether without or within the state because they were too numerous for convenience, yet all recognize that the latter proposition is right. It would not be reasonable to say that a party is indispensable in the sense that the case cannot go on without him in the

state court, when the same case if in the federal court in the same town would go on without him. That would be to say that the federal court can dispense with the indispensable; yet the federal rule 47 provides for this very thing and the federal courts practice it. So if parties are dispensable when too numerous, it cannot be that one or more of them would be indispensable in the same suit.

However, in the present case we need not go to the extent of these quotations, because the record does not show that the right of the absent cestuis que trustent cannot be saved. Since defendant U. G. Cover alleges a settlement, all advances must have been taken care of therein, and so this case is, or at least may prove to be, a mere equal division of property not hitherto accounted for by the trustee, and it will therefore probably be easy to save the rights of the absent beneficiaries. But even if that be not so, their rights can be, or it may appear from the evidence that they can be, saved in other ways, e. g., by a fair division according to the evidence, and a reservation during the period of the statute of limitations of a sum sufficient to protect them against any error or a bond to the same end or a bond to protect the trustee or some other device which will be safe.

We see no reason why the court may not adopt some such plan, and if so it will not be necessary to go, in this case, to the extent of the cases and texts we have cited. What we say now, however, is that it does not yet appear, and from the record it does not seem likely, that the rights of the absentees cannot be saved. It is the duty of the court, then, to proceed with the case as far as it can.

We still are of the opinion that when the objection was made by U. G. Cover that he was not made a party as trustee, it was the duty of the court to order him made a party by amendment which, since he was already in court in persona, would have been a mere scratch of a pen. It is so held in Iowa on a statute similar to our

Code, ch. 1, sec. 16. *Searles v. N. W. Mu. Life Ins. Co.,
supra.* The rule is also recognized in *Pollard v. Lathrop,*
12 Colo. 171, 175, 176, 20 Pac. 251, that the court is re-
quired to order an indispensable party to be brought in.
See *Day v. McPhee,* 41 Colo. 467, 486, 93 Pac. 670.

The motion for rehearing is denied.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE ADAMS
dissent in part.

MR. CHIEF JUSTICE BURKE dissenting. In his answer
U. G. Cover alleged a settlement and thereafter a compro-
mise. That being his position no duty rested upon him
to facilitate this suit against himself, and he was under
no obligation to voluntarily enter his appearance as
trustee. He alleged in his answer that "U. G. Cover
as trustee" was a necessary party, and prayed abate-
ment of the action until the trustee be made a party
defendant. He also demurred on the same ground. The
demurrer was sustained and plaintiffs announced their
intention to stand on their complaint. Thereupon he
moved to dismiss and that motion was sustained. All
this is equivalent to a compliance by the court with the
mandate of the statute to order Cover, trustee, made a
party defendant, and the announcement of plaintiffs of
their refusal to proceed under such circumstances. I
therefore think the court complied with the statute, that
the cause was properly dismissed, and that such dis-
missal should be affirmed. On that ground I dissent.

I am authorized to say that MR. JUSTICE ADAMS concurs
in the foregoing.