## No. 12,048.

### LEDNUM *v.* LEDNUM.

Decided March 18, 1929.  Rehearing denied April 22, 1929.

Mr. F. A. Williams, Mr. Edwin H. Park, for plaintiff in error.

Mr. Philip Hornbein, Mr. Golding Fairfield, Mr. Theodore Epstein, for defendant in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiff in error, hereinafter referred to as "the husband," was adjudged guilty of contempt for failure to pay defendant in error, hereinafter referred to as "the wife," certain sums awarded her for separate maintenance. He was thereupon ordered committed to jail for six months unless he should sooner purge himself by compliance. To review that judgment he prosecutes this writ.

The wife brought suit in the district court of Denver, Colorado, for separate maintenance, charging nonsupport and desertion. The husband denied the charge, filed a cross-complaint, and prayed for divorce. The parties attended in person and by counsel. Judgment was for the wife on her complaint and against the husband on his cross-complaint. Five months after the date of the Colorado decree, and after having made payments thereunder, the husband, in a Montana court, sued the wife

for divorce on the ground of desertion during the identical period the Colorado court had found against him and for her. Service there was by publication, the cause was heard ex parte, and decree entered for the plaintiff. Thereafter, having ceased his payments under the Colorado judgment, he was cited here for contempt. He answered by pleading the Montana decree. A demurrer to his answer was sustained with the result above noted.

The assignments charge, in substance, the following errors: (1) The consideration of facts not appearing in the answer; (2) the order sustaining the demurrer; (3) the entry of judgment in violation of section 1, article IV of the Federal Constitution.

1. The demurrer searched the record. The court was bound to notice the entire record in the cause in which the citation issued, and particularly the judgment therein and the finding upon which it was based. If, for instance, the answer denied that judgment or finding, the plea would be bad.

2. Of the many grounds of demurrer we need consider but one; i. e., want of facts. The wife depended upon the validity of the Colorado judgment, not the invalidity of that of Montana. Had the demurrer been overruled her sole defense would have been the latter, hence it could not be overruled unless the Colorado court were powerless or unwilling to protect its own judgment. Unless its decree were vitiated by that of Montana the demurrer was good.

3. That the Montana decree is not binding upon us under said section 1, article IV (the full faith and credit clause), of the Federal Constitution has been settled in this jurisdiction, and while that authority stands others need not be examined. *Davis v. Davis,* 70 Colo. 37, 197 Pac. 241. It is said that in the Davis case the question of jurisdiction was raised as a question of fact, while the attempt here is to raise it as a question of law. The answer is that there, there was no domestic judgment, while here the Colorado judgment is in itself an adjudication of no jurisdiction in Montana.

Nothing further is essential to the affirmance of this judgment, but we elect to notice the specific propositions advanced by plaintiff in error: (1) The demurrer admits all facts well pleaded; (2) the validity of the Montana judgment is a question of fact and must be raised by plea to the jurisdiction; (3) it cannot be collaterally attacked for fraud; (4) a non-resident of Colorado (the wife) cannot invoke the jurisdiction of the Colorado courts for the purpose of questioning the jurisdiction of another state; (5) a decree of separate maintenance does not bar a decree of divorce; (6) a divorce is a bar to future alimony.

1. In considering this demurrer the court must, of course, treat as established all facts *well pleaded*. To determine whether certain facts in this answer are well pleaded they must be read in the light of facts already adjudicated in the same cause. These adjudicated facts are read into the husband's answer. If other portions thereof are inconsistent therewith those inconsistent portions must give way. This is true for two reasons: First, because a fact alleged is controlled by a fact adjudged; second, because a pleading is construed most strongly against the pleader. Here the husband's desertion of his wife, adjudicated by the Colorado decree, is read into his answer to the contempt citation in the same case and confounds that answer. It is as potent as though repeated therein. Hence, notwithstanding his allegations of his wife's desertion, his Montana residence, and his Montana decree, he stands here admitting the falsity of the first, the absence of the second, and fraud in the third.

2. It does not devolve upon the wife in the first instance to dispute the validity of the Montana judgment. The husband sets that judgment up here as a defense and the burden of establishing it, by pleading and proof, devolves upon him. He has only shown the inconsistency of the two, and, since the Colorado judgment is unimpeached, he has failed to sustain the burden resting upon him.

3. We assume the Montana decree cannot be collaterally attacked for fraud. No such attack is here sustained. The husband has pleaded it as a defense in such a way and under such circumstances that he himself has disclosed its invalidity and no attack upon it was necessary.

4. Irrespective of the wife's domicile she is not here invoking the jurisdiction of the Colorado court to question that of Montana. She has obtained redress in the former in an action in which her husband was not only a party and personally present and participating, but in which he himself sought relief. She now asks only that the Colorado court protect its jurisdiction and enforce its decree.

5. It may be admitted that a decree of separate maintenance does not bar a decree of divorce, but since no valid divorce has been here pleaded the proposition is immaterial.

6. Since the husband has not shown that he has a decree of divorce, the effect of such a decree, if he had one, on future alimony, need not now be considered.

Furthermore, if the Davis case, supra, were not an answer to the "full faith and credit" argument here made, that argument, pursued to its logical conclusion, destroys itself by its absurdity. Acting within its jurisdiction the Colorado court found a fact and based a judgment thereon. It is now asked to set that judgment aside in favor of a Montana judgment based upon a contrary finding because of a federal constitutional provision which, it is said, under the circumstances here disclosed, makes the Montana judgment superior and compels the Colorado judgment to give way. We are further told that the sufficiency of the cause of action; i. e., desertion, to support the Montana decree can only be questioned in the Montana court. Of course if the wife went to Montana for relief this law would be equally applicable there and since the same cause of action is the basis of the Colorado decree these parties would be told by the Montana court

that its existence could be questioned only in Colorado and that in case of conflict the Montana court would give precedence to the Colorado judgment. So the wife with a Colorado decree can get relief only in Montana, and the husband with a Montana decree can find security only in Colorado.

There is yet another reason why this plaintiff in error cannot prevail. He asks relief from a judgment in equity and his hands are not clean. His wife brought him before a Colorado court where she charged him with a violation of his marital obligations. He denied the charge, asserted he was the party wronged, and demanded a dissolution of the marriage bond. The court whose aid he sought found him guilty and his charges false. Based upon those findings it ordered him to make monthly payments for the support of his wife. While making these payments, and thus recognizing the correctness of the findings and the validity of the judgment, he went to Montana and there instituted an action in divorce. In that action, heard ex parte, by speaking when truth and justice demanded silence, and remaining silent when truth and justice demanded speech, he obtained a decree absolving himself and fastening upon his wife the offense which in Colorado had been adjudged his. Required by the Colorado court to show cause why he should not be compelled to obey its judgment, he comes to its bar with the Montana decree in his hands, bearing upon its face indisputable proof of the fraud by which he obtained it, and tenders it as his justification. Equity hears him with a straight face but, seeing the condition of his hands, refuses him relief.

The judgment is affirmed.

MR. JUSTICE BUTLER not participating.